Argued November 14, 1928, affirmed January 15, costs taxed February 13, 1929.

## CARL M. STEVENS, Administrator, *v.* TILLAMOOK COUNTY ET AL.

(273 Pac. 716.)

For appellants there was a brief and oral arguments by *Mr. E. B. Tongue* and *Mr. C. W. Barrick.*

For respondent there was a brief and oral arguments by *Mr. C. L. Starr* and *Mr. M. A. Zollinger.*

RAND, J.—This is a suit in equity which was instituted by plaintiff, a taxpayer of Road District No. 18 in Tillamook County, to enjoin the collection of an additional tax by the officers of said county. The tax was voted at a district road meeting by the taxpayers of the district and its validity is the only question we are called upon to decide. The authority to vote an additional tax is conferred by Section 4590, Or. L., as amended by Chapter 191, Laws 1921, which provides:

"The resident taxpayers of any road district in any county of the state may vote an additional tax not to exceed 10 mills on the dollar on all taxable property of the road district, if the county court shall first approve such additional tax by indorsement to that effect upon the petition for a road district meeting to be held for that purpose."

In order to decide the validity of the tax in question, it is necessary to consider two other sections of

the act. Section 4588, Or. L., directs that whenever three freeholders of any road district shall petition the County Court to call a district road meeting and shall state in the petition the object for which the meeting is desired, ''the county court shall fix a time and place for holding such meeting and cause notice thereof to be posted, published, or given as in this act provided.'' The manner in which the notice shall be given is provided in Section 4591, Or. L., as follows:

''Notices of any meeting of the legal voters of any road district shall be prepared by the county court, signed by the county judge or a county commissioner, set forth the purposes of such meeting, and the time and place, when and where it is to be held.''

It is admitted by plaintiff that a proper petition signed by the requisite number of qualified persons was presented to the County Court and that the County Court fixed a time and place for holding the meeting at which the additional tax was voted, and that notices of the meeting were prepared and were posted as provided by the statute, and that all other requirements of the statute were complied with except that the County Court did not, as required by Section 4590, Or. L., first approve such additional tax by indorsement to that effect upon the petition for a road district meeting.

It is admitted by defendants that the County Court did not first approve the additional tax and did not make an indorsement to that effect upon the petition, but it is contended by defendants that, because the notices of the meeting were prepared by the County Court and were signed by one of the three members of the County Court, and did set forth the purposes of the meeting and a time and place when and where

it was to be held, these acts were equivalent to a performance of the requirements contained in Section 4590, Or. L., which provide that taxpayers may vote an additional tax "if the county court shall first approve such additional tax by indorsement to that effect upon the petition for a road district meeting to be held for that purpose."

The validity of the additional tax in question depends, therefore, first, upon whether the directions of the statute that the County Court shall first approve the tax and then indorse its approval thereof upon the petition are mandatory and imperative, or are directory only, and, second, whether the preparation and giving of the notices of the meeting by some member of the County Court were equivalent to the approval and indorsement of approval by the County Court upon the petition, as required by Section 4590, Or. L.

1. We think it is settled law that where the authority to vote a tax is conferred upon the voters of a district by a statute which prescribes the manner of obtaining jurisdiction, the mode of proceeding directed by the statute is mandatory and, unless strictly complied with, all subsequent proceedings taken thereunder will be utterly void. We also think that the plain directions of the statute, that the County Court should first approve the additional tax and then indorse its approval upon the petition before the taxpayers were authorized to vote an additional tax, were intended as a limitation of power. The defendants contend that when the petition, in proper form and properly signed was presented to the County Court, the County Court acquired jurisdiction and, therefore, the failure upon its part to approve the additional tax and to note its approval upon the peti-

tion was a mere irregularity in the proceedings which. would not invalidate the vote subsequently taken. Unquestionably, when the petition was presented to the County Court for appropriate action by it, the County Court had jurisdiction of the matter and it was its duty either to approve the additional tax and indorse its approval upon the petition or refuse to do so. The jurisdiction of the County Court was complete but until the County Court said in some manner that it approved the additional tax and indorsed that approval upon the petition, the taxpayers were the ones, and not the County Court, who had no jurisdiction or authority to vote the tax. The statute makes the authority of the legal voters of a road district to depend not upon the jurisdiction of the County Court to make a proper order when a petition is presented to it but upon the authority of the legal voters to vote the tax and that authority is conferred upon the legal voters when, and only when, the County Court has approved the additional tax and indorsed their approval upon the petition. That is the plain meaning of the statute and is the essence of the thing required to be done in order to authorize the voting of .an additional tax.

2–4. It has been said, and we think correctly, that the true distinction between a mandatory statute and one which is only directory is this: where the provision of the statute is the essence of the thing required to be done and by which jurisdiction to do it is obtained, it is mandatory, but where it relates to form and manner and where an act is incident or after jurisdiction has been obtained, it is directory. See Potter's Dwarris on Statutes and Constitutions, pp. 221–225 and footnote, p. 224. It is clear from the language of the statute that the essence of the thing

required to be done and which must be done before jurisdiction or authority to vote an additional tax could be obtained by the legal voters of the district was to obtain the approval of the additional tax by the County Court and its indorsement of such approval upon the petition, and that without such approval and indorsement being obtained, there was no authority for the voting of the tax. The contention that the preparation by the County Court of the notices of the meeting and the signing of the same by the county judge or by one of the county commissioners were equivalent to the approval and indorsement of that approval upon the petition is without merit. Under the provisions of the statute to which we have referred, it is the duty of the County Court, whenever a petition signed by three freeholders of a road district, which states the object for which the meeting is desired, is presented to the County Court to fix the time and place for holding such meeting and cause notice thereof to be posted, published or given, as provided by the act, and then, by Section 4591, Or. L., it becomes the duty of the County Court to prepare notices of the meeting, have one member thereof sign such notices, and fix a time and place for holding the meeting. The doing of these acts is not equivalent, where the petition is for the holding of a meeting to vote an additional tax, to an approval of the tax by the County Court and to an indorsement of that approval upon the petition itself.

5, 6. Under the express provisions of the statute the authority to vote an additional tax by the legal voters of the district was made conditional upon the approval of the tax by the County Court and its indorsement of such approval upon the petition for the meeting. Without such approval and indorsement

there could be no legal authority to vote the tax. That the legislature intended that the power or authority of the legal voters to vote an additional tax should be conditional upon the approval and indorsement of the County Court is clearly indicated by the use of the word "if" at the beginning of the conditional clause, which indicates, and we think conclusively, that if the County Court should approve the tax and indorse its approval upon the petition, the voters would be authorized to vote an additional tax, but if the County Court should fail to approve the tax and make the indorsement, the voters were to be without any authority to vote a tax. It is clear that if the legislature had intended that the approval of the County Court could be later obtained, it would not have used the words "shall first approve." This language clearly indicates that the legislature did not intend that the approval of the County Court of the additional tax might be obtained at any time but rather that no vote should be taken until after such approval had been obtained and indorsed upon the petition. Hence, while the County Court had jurisdiction to either approve or refuse to approve, upon its failure to approve and to make the proper indorsement thereof on the petition, the voters themselves had no authority to vote the additional tax. Abundant reasons may be assigned to explain why the legislature should make the approval of the County Court a condition precedent to the voting of an additional tax. The County Court is entrusted with the transaction of all county business and it is made the duty of the County Court to ascertain and determine the amount of revenue to be raised for county purposes and it has control of all county roads within its county. It is better qualified to determine

whether an additional tax for road purposes should be voted in any given case than has any other officer or tribunal in the county. The legislature, therefore, wisely provided that before any additional tax can be voted in a road district, the tax itself must be approved by the County Court and its approval shall be evidenced by the indorsement upon the petition. The observance of these provisions is necessary and essential to the protection of the taxpayers. If any three freeholders of a road district can, at any time, petition for a meeting to vote an additional tax in any case where the County Court does not approve of the voting of such tax and the County Court is compelled to call every such meeting, great hardship might result upon the taxpayers of the district.

7. In preparing the notices of the meeting at which the tax was voted and in the signing of notices by one member of the County Court, nothing was done which would not have been required to have been done if the meeting had been called for any other purpose than that of voting the additional tax. This was not a compliance with the statute in any respect. The County Court is a body consisting of three members and before any affirmative action can be taken, such action must be assented to by at least two members thereof. In order to authorize the voting of this additional tax, it was necessary for the County Court to approve the tax and indorse its approval upon the petition. Neither of these acts was done and hence there was no compliance with the statute. It was upon this ground that the learned circuit judge decided the case in favor of plaintiff and we are in thorough accord with his decision. The decree of the lower court held that the proceedings in voting

the tax were null and void and enjoined the collection of the tax.

For the reasons stated, the decree of the Circuit Court must be affirmed. AFFIRMED. COSTS TAXED.

COSHOW, C. J., and MCBRIDE and ROSSMAN, JJ., concur.