Argued June 23; affirmed July 28, 1931

CLARK & WILSON LUMBER CO. OF DELAWARE
ET AL. *v.* WEED ET AL.

(2 P. (2d) 12)

*John L. Foote,* of St. Helens, and *A. E. Clark,* of Portland (Clark & Clark, of Portland, on the brief), for appellants.

*Ralph H. King,* of Portland (McCamant, Thompson & King, of Portland, on the brief), for respondents.

BELT, J. This is a suit to enjoin the collection of a special road tax of ten mills levied on all taxable property in road district No. 9, Columbia county. From a decree invalidating the tax and enjoining the collection thereof, the defendant officials of Columbia county appeal.

On October 11, 1929, a petition was filed with the county court requesting that a district road meeting be called for the purpose of voting a special tax not to exceed ten mills on all property within such district. In compliance therewith the county court ordered that the meeting be held on November 9, 1929, for the purpose of levying a special road tax. The petition was thus endorsed: "Approved by Court, October 19, 1929, John Philip, Judge. J. M. Miller, Commissioner. T. B. Mills, Commissioner." At this meeting a tax of ten mills was voted.

It appears from the complaint that the validity of the tax is attacked upon two grounds:

"(1) That the said road district meeting wholly failed to determine the amount of money in dollars and cents to be raised by the said special road tax;

"(2) That the defendants, John Philip, as County Judge, and J. M. Miller and T. B. Mills, as County Commissioners, wholly failed to approve such sum in dollars and cents as was proper to be raised by said pretended special road tax and wholly failed to endorse upon said petition their approval of any sum in dollars and cents to be raised by said special road tax or to approve any levy of any millage whatsoever, and the said defendants wholly failed to approve any of the proceedings for the levy of the said tax except as hereinbefore set forth."

■■ We are unable to agree with the contention that the county court did not approve—as required by section 44-1506, Oregon Code 1930—the additional tax proposed to be voted. In the petition it was stated that

the purpose of the meeting was to vote a special tax not to exceed ten mills on the dollar on all taxable property in the road district. It was not necessary to specify therein the particular amount in dollars and cents, or the exact millage. Otherwise the voters at the meeting would be unduly limited in their consideration when called upon to determine the levy to be made for road purposes. It is difficult to understand how the county court could approve the petition without approving the additional special tax levy. The word "approved" endorsed on the petition clearly expressed the intent of the county court. It was not necessary to use ten words where one would suffice. Furthermore, the intention of the county court was clearly expressed in the order entered on the date of the endorsement "that the said petition be and the same hereby is approved and that a meeting of the legal voters of said Road District No. 9, Columbia county, Oregon, be called for the purpose of levying a special road tax for road purposes within said district * * *."

This case is distinguishable from *Stevens v. Tillamook County et al.,* 128 Or. 339 (273 P. 716), as it was admitted there that the county court made no endorsement whatever on the petition approving the additional tax proposed to be voted.

The vital question is whether it was essential to the validity of the tax that the levy be made in dollars and cents and not in terms of millage. Respondents, in sustaining the decree of the lower court that the tax is void, rely upon section 69-605, Oregon Code 1930, which provides that:

"All counties, cities, school districts and other corporations, which are vested with the power of levying taxes, shall make their total levy in dollars and cents, and *not otherwise,* and shall so report the levy to the county assessor and county clerk at the time and in the manner provided in section 69-604 * * *."

Turning to section 69-604, Oregon Code 1930, we find that it is therein provided that:

"It shall be the duty of every school district, and each incorporated town and city, and each public corporation authorized to levy a tax to notify, in writing, the county assessor and the county clerk of the county wherein the school district, town, city, or public corporation is situated of the tax levy made by it, that is to say, of the *amount of money proposed to be raised by taxation.* * * *."

It is clearly within the province of the legislature to determine the mode or method of levying a tax and, when so provided, such procedure must be strictly observed: *Stevens v. Tillamook County,* supra. A statutory provision relating to a tax levy, the object of which is the protection of the taxpayer and a safeguard against excessive levies, is mandatory. Relative to whether such provisions are directory or mandatory, it is said in 37 Cyc. 792:

"If the statutory provisions relating to a levy have for their object the protection of the taxpayer against spoliation or excessive taxation, they are mandatory and must be followed; but if the requirements prescribed by the statute are designed for the information of the assessors and other officers, and intended to promote despatch, method, system, and uniformity in the mode of proceeding, they are merely directory, and a failure to comply with such requirements does not invalidate the levy; and this is also true of clerical and ministerial duties, the observance or non-observance of which do not injuriously affect the taxpayer."

In reference to the statutory requirement that the tax levy must be made in dollars and cents, the legislature might well have had in mind that a taxpayer, in voting upon a proposed levy, would better comprehend the consequences of his act if the amount to be expended for road purposes were thus expressed. If

Mr. Citizen is called upon to vote upon a levy of $10,000 for road purposes, there can be no doubt about the matter, but, if a vote is cast for a certain millage, the amount of money to be raised is uncertain in the mind of the voter unless he has definite knowledge of the valuation of the property upon which the levy is made.

At the time of the meeting in question, the valuation of the property within the district had not been definitely determined as the tax rolls for such year had not been completed. Indeed, it is alleged in the complaint, and upon demurrer must be accepted as true, that after the tax meeting "the total assessed value of all taxable property in said Road District No. 9 was ascertained and determined to be upon the 1929 assessment roll in the sum of $4,356,350." The special budget adopted at this meeting discloses an estimated need of $40,000 for road purposes. It will be observed that a ten-mill tax on the valuation as determined by the 1929 assessment roll would raise $43,563.50, in addition to the surplus of $14,000 created for road purposes. In other words, the ten-mill tax created a fund of $3,563.50 in excess of the amount specified in the adopted budget. The wisdom of the legislative act requiring a levy of taxes to be made in dollars and cents, in the light of this record, is well exemplified.

In some cases cited by appellant it has been held, under a statute less mandatory than that of this state, that it is immaterial whether the tax be levied in a lump sum or on a percentage basis as the effect upon the taxpayer would be the same. In these cases, however, it is to be noted that, at the time the levy was made, the valuation of property had been definitely fixed and determined. The distinction is recognized in *Fisher v. Betts*, 12 N. D. 197 (96 N. W. 132). In that case the levy was made by the state board of equaliza-

tion. Since the amount to be raised was fixed when the levy was made, the court held that, although the statute was not followed as to the method of levy, the taxpayer was not injured, as the amount to be paid would be the same under either method. However, the court adhered to its former decisions in *Wells County v. McHenry*, 7 N. D. 246 (74 N. W. 241), and *Dever v. Cornwell*, 10 N. D. 123 (86 N. W. 227), that a tav levy made by the county commissioners by percentages was void. It was said:

"A levy by county commissioners by percentages, and a levy by the state board of equalization in the same way, differ in results, because not based on similar conditions. The total valuation of the property of the person taxed is not definitely known until the state board of equalization has acted. The valuation of his taxable property may be changed, either by being lowered or raised, or some of it lowered and some of it raised; and the property of different taxpayers may not be affected in the same way."

■■ Having held that section 69-605, Oregon Code 1930, requiring a tax levy to be made in dollars and cents, is mandatory and must be strictly followed, it remains to be determined whether the same is applicable to a special tax levy of a road district. The language of the act is certainly broad and comprehensive enough to include road districts in that such are public corporations. Justice ROBERT S. BEAN so classified a road district in *Cook v. The Port of Portland*, 20 Or. 580 (27 P. 263, 13 L. R. A. 533), wherein, speaking for the court, he said:

"A city or purely municipal corporation is perhaps the highest type of corporation created for municipal purposes, because it is a miniature government, having legislative, executive and judicial powers, but there is another class of corporations, such as counties, school districts, road districts, etc., which though varying in application and peculiar features, are but so many

agencies or instrumentalities of the state to promote the convenience of the public at large and are, in the broadest use of the term, for municipal purposes.''

Also see McQuillan on Municipal Corporations, Vol. 1, section 106. The conclusion that the above section of the statute is applicable to road districts is strengthened by consideration of the preceding section (69-604), wherein it is provided that the *amount of money* proposed to be levied by taxation must be reported "by each public corporation authorized to levy a tax.'' It is argued, however, that sections 44-1501 to 44-1507, inclusive, Oregon Code 1930, are complete in themselves in that they provide for the formation of road districts, the time and manner of holding meetings, the purposes for which they may be held, and the special taxes that may be voted. Turning to section 44-1506, Oregon Code 1930, we note this significant language:

"* * * the county assessor [after · receiving from the county clerk a certified copy of the minutes of the road district meeting] who shall thereupon compute and extend the levy therefor on the assessment roll for that year, *the same as other taxes are extended* * * * *.''

After consideration of the various sections of the statute with reference to the levying of taxes, we are convinced that it was not the intention of the legislature to provide for road districts a method of levying taxes different from that prescribed for other tax-levying bodies.

We conclude that the trial court was right in entering a decree in accordance with the prayer of the complaint, declaring the tax void and enjoining its collection.

The decree of the lower court is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.