Argued February 25; affirmed March 24; rehearing denied
April 21, 1936

## In re Incorporation of Communities of Rockaway and Seaview in Tillamook County

# ROCKAWAY BEACH CO. et al. v. RUSSELL et al.

(55 P. (2d) 1107)

*H. T. Botts* and *E. J. Claussen,* both of Tillamook, for appellants.

*C. W. Barrick,* of Tillamook, for respondents.

RAND, J. This is an appeal from a judgment of the circuit court which affirmed an order and proclamation of the county court of Tillamook county, declaring that the Rockaway Water District had been duly and legally incorporated as a municipal corporation for the purpose of furnishing water to the inhabitants thereof for domestic use.

These proceedings were instituted under and pursuant to the provisions of chapter XXVII of Title LVI, Oregon Code 1930, by the filing, on December 31, 1934, of a petition with the county clerk of that county, praying for the establishment of the district, and on the same day an order was made and entered by the county court directing that a special election be held within the proposed district on February 8, 1935, to determine whether or not the district should be incorporated. The petition, as filed, was in the form prescribed by section 56-2702 of said chapter and was signed by more than 15 per cent of the legal voters who were residents of the proposed district. Pursuant thereto, an election was held on the day set and 68 votes were cast in favor of the incorporation of the district and three against, after which the vote was canvassed by the county court and the order and proclamation appealed from was made and entered in the journal of the county court.

After the making and entry of the order first above referred to and before the election was held, two resident taxpayers of the proposed district and the Rockaway Beach Company, a corporation, the appellants herein, appeared in said court and filed written objections against the establishment of the district upon the ground that the two individual appellants each had a sufficient supply of water for their own domestic use and that the corporation was itself a public utility furnishing water to the inhabitants of the district for domestic use and that, by the establishment of the district and the issuance of bonds for the construction of a municipal system, their tax burdens would be increased.

Upon these questions a hearing was granted and testimony taken before the county court and these ob-

jections, as well as the one next referred to, were overruled, after which the order establishing the district was made and entered.

Appellants based their main objection, however, to the validity of the proceedings upon the ground that the action of the county court in calling the special election was taken on the same day that the petition for the incorporation of the district was filed with the county clerk. This, they contended, was a violation of the provisions of section 56-2703, Oregon Code 1930, which, in part, reads as follows:

"The petition for an election hereinbefore provided shall be filed with the county clerk of the county and shall be presented to the county court of said county on the first day of its next regular session for county business. The county court shall forthwith examine such petition, and, if it appear therefrom that such petition contains the names of 15 per cent of the legal voters of that portion of such county described in the petition, the county court shall call an election to be held within such proposed district, not less than thirty days and not more than fifty days thereafter, as such county court shall determine. At such election there shall be submitted to the legal voters of that portion of said county embraced within the limits described in such petition, whether said portion of said county shall be incorporated as a municipal corporation for the purpose of obtaining a supply of water for domestic purposes for its inhabitants and to be known as—(here insert proposed name)."

As heretofore stated, this district was not established by the legislature, but by the exercise by its inhabitants of the authority delegated to them by chapter XXVII of Title LVI of the Oregon Code, the first section of which provides:

"Communities may be incorporated as municipal corporations for the purpose of supplying their in-

habitants with water for domestic purposes as in this act hereinafter provided."

■■ That the legislature had authority to pass the act in question and delegate the authority thereby conferred is not open to question and no constitutional right of the appellants was in any way infringed by the establishment of the district, since the landowners within the district were accorded an opportunity to be heard upon all the questions raised by the objections. The same opportunity was afforded to them upon the hearing in the circuit court, where these matters were again heard and passed upon, and appellants' objections were overruled and denied.

Appellants also contend that the same rules of law which govern the levying of special assessments are applicable here. The cases, however, are not analogous but, if analogous, the appellants have been denied no constitutional right, since they were afforded and availed themselves of an opportunity to be heard on the question of benefits. In *Embree v. Kansas City Road District,* 240 U. S. 242 (36 S. Ct. 317, 60 L. Ed. 624), the syllabus reads in part as follows:

"Where a taxing district is not established by the legislature, but by exercise of delegated authority, there is no legislative decision that its location, boundaries and needs are such that the lands therein are benefited, and it is essential to due process of law that the landowners be accorded an opportunity to be heard on the question of benefits."

■ Nor does the fact, if it is a fact, that the Rockaway Beach Company is a public utility furnishing water for domestic use to the inhabitants of the district give to that company any better standing to complain of any

impairment of its franchise rights, since it too was given an opportunity to be heard on that question.

Under a somewhat similar law and state of facts as those involved here, the court, in *Revere Water Co. v. Winthrop*, 192 Mass. 455 (78 N. E. 497), said:

"This act was passed to enable the town to supply its inhabitants with water, and whether the public interests would be served by conferring such authority was for the legislature to determine. It is manifest that if an independent system might be thus established, the defendant's property would be diminished in value, and its business perhaps destroyed by reason of the competition, but the company under St. 1882, p. 101, ch. 142, by which it was incorporated, enjoyed no vested rights which gave it immunity from this contingency, or rendered such legislative action unconstitutional. Nor is legislation of this nature an appropriation of private property for a public use without due process of law under the Fourteenth Amendment to the federal Constitution."

Also see *Copeland v. City of Waldport,* 147 Or. 60 (31 P. (2d) 670).

The appellants cite *Hamilton v. Rudeen,* 112 Or. 268 (224 P. 92), as an authority to support their contentions. The facts in the two cases are entirely dissimilar. In the case cited, the community to be served by the establishment of a municipal water system was composed of the inhabitants of a village extending over an area of some two thousand feet square, which was surrounded on all sides by a farming area of large extent, none of which farming area would be benefited by the establishment of the district and the supplying of the village with water. In that case there was no community of interest and no reason why the district should have included such a large extent of the farming area as was included therein, and it was held that the territory surrounding the village, under the conditions there shown,

was not a community within the meaning of the statute and that, since the farmers who owned the adjoining farming lands had no community of interest with those who would be benefited, their lands could not be included within the proposed district when the only object and purpose of their inclusion was to tax them to provide water for the inhabitants of the village. Under the facts proved and from the map offered in evidence, the district in question here is in the form of a rectangle about thirty-eight hundred feet in length and twenty-six hundred feet in width and is a compact community and all of its inhabitants have a common interest in obtaining a supply of water for domestic use. At present, the evidence shows, they are inadequately supplied.

■ Nor do we find any merit in the contention that, because the petition was filed on the same day the order calling for an election was made, all subsequent proceedings, including the election, were null and void. The language of the statute is: "The petition for an election hereinbefore provided shall be filed with the county clerk of the county and shall be presented to the county court of said county on the first day of its next regular session for county business." This refers to a regular session of the county court held for the transaction of county business and not to a term of the county court during which one or more regular sessions may be held. As used in the statute, the word "session" does not mean "term" and, while these words are often used interchangeably by the courts, strictly speaking they are not synonymous. This court, in *State v. Edmunds,* 55 Or. 236 (104 P. 430), said:

"* * * The words 'special session' as used in the act are not synonymous with 'special term'. A

'session', as there used, has reference only to a temporary sitting of the court in the transaction of the special business there assigned to them, which may occur either during a general or a special term    *    *    *.''

Black's Law Dictionary (2d Ed.) says:

''Strictly speaking, the word 'session', as applied to a court of justice, is not synonymous with the word 'term'. The 'session' of a court is the time during which it actually sits for the transaction of judicial business, and hence terminates each day with the rising of the court. A 'term' of court is the period fixed by law, usually embracing many days or weeks, during which it shall be open for the transaction of judicial business and during which it may hold sessions from day to day. But this distinction is not always observed, many authorities using the two words interchangeably.''

An examination of the statute shows that the terms of the county court of Tillamook county commence on the first Wednesday in each month: Section 28-1016, Oregon Code 1930. Section 28-1007 provides that:

''The county court is held at such times as may be appointed by law, and at such other as the court in term, or the county judge in vacation, may appoint, in like manner and with like effect as the circuit court or judge thereof is authorized by section 28-606.''

By section 28-606, it is provided:

''When a term of the court is appointed by a judge it shall be done by a general order to that effect, made and entered in the journal during term time, or by a special order, made and filed in vacation, for the trial of a particular cause or the transaction of certain business therein specified;    *    *    *    In the former case, at the court so appointed, any business may be transacted as if the same were a term appointed by law, but in the latter case only such as may be specified in the order.''

■■ In its order establishing the district, the county court, after stating that the petition had been filed with the county clerk, then said:

"Whereas, said petition was thereafter duly presented to the County Court of this County on the first day of its next regular session for County business * * * * "

The record contains nothing which contradicts this recital except that the petition was filed and the order, calling for the election, was made on the same day, which alone is not sufficient to contradict the recital in the order if the same is susceptible of contradiction, for the petition may have been filed on that day and thereafter, and on the same day, the next regular session of the county court for county business may have been held. But whether this is so or not, we think that the provision of the statute, directing that the petition "shall be presented to the county court of said county on the first day of its next regular session for county business", was directory and not mandatory and, for that reason, that a failure to strictly comply with the provision, if there was such a failure, would not invalidate the proceedings subsequently had. In *State ex rel. v. Siemens*, 68 Or. 1 (133 P. 1173), this court stated that the true rule of determining whether a particular statute is directory or mandatory is the following:

" 'When the particular provision of the statute relates to some immaterial matter, where compliance is a matter of convenience rather than substance, or where the directions of the statute are given with a view to the proper, orderly and prompt conduct of business merely, the provision may generally be regarded as directory.' * * * 'When a statute specifies the time at or within which an act is to be done, it is usually held to be directory, unless time is of the

essence of the thing to be done, or the language of the act contains negative words, or shows that the designation of the time was intended as a limitation of power, authority, or right.' "

Again, in *Stevens v. Tillamook County*, 128 Or. 339 (273 P. 716), this court said:

" * * * the true distinction between a mandatory statute and one which is only directory is this: where the provision of the statute is the essence of the thing required to be done and by which jurisdiction to do it is obtained, it is mandatory, but where it relates to form and manner and where an act is incident or after jurisdiction has been obtained, it is directory."

In discussing this distinction in respect to election laws, it is said in 25 R. C. L., at page 772, that:

" * * * Any proper consideration of this matter must start with an unqualified acceptance of the fact that some provisions of election laws are directory and others mandatory. In determining whether particular provisions are of one character or the other it is an invariable rule that if a statute expressly declares any particular act to be essential to the validity of an election, or that its omission shall render the election void, it must be construed as mandatory, whether the particular act in question goes to the merits or affects the result of the election or not. But if, as in most cases, the statute simply provides that certain acts or things shall be done within a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election."

Finding no error in the record, the judgment of the circuit court is affirmed.

CAMPBELL, C. J., and BEAN and BAILEY, JJ., concur.