Argued April 30, reversed September 10, 1964

# CITY OF WOODBURN *v.* DOMOGALLA

395 P. 2d 150

*Hattie Bratzel Kremen,* District Attorney, Salem, and *Theodore W. de Looze,* Special Assistant District Attorney, Salem, argued the cause for appellant. With them on the briefs was Norman F. Webb, Deputy District Attorney, Salem.

*J. Wallace Gutzler,* City Attorney, Woodburn, argued the cause for respondent. With him on the brief were Eichsteadt, Gutzler, May & Bolland, Woodburn.

Alexander G. Brown, City Attorney, and Marian C. Rushing, Chief Deputy City Attorney, Portland; Gene B. Conklin, City Attorney, Pendleton; William J. Juza, City Attorney, Salem; William A. Masfield, City Attorney, Medford; Charles A. Phipps, City Attorney, The Dalles; Orval Etter, Research Attorney, League of Oregon Cities, Eugene, filed a brief as amici curiae.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

This is an appeal from a decree of the Oregon Tax Court allowing a peremptory writ of mandamus which directed defendant to extend on the Marion county assessment rolls a levy for street lighting purposes authorized by an ordinance of plaintiff city.

Plaintiff adopted an ordinance referring to the inhabitants of Woodburn a charter amendment authorizing a levy for street lighting purposes. The levy

was expressed in terms of millage only. The charter amendment was adopted at an election, after which the city council enacted an ordinance levying the amount necessary to cover the city budget including $70,984 for street lighting costs. This levy was sent to defendant. Defendant, apparently having some question as to the validity of the levy for street lighting purposes, sought the advice of the State Tax Commission. The commission instructed defendant by letter not to extend the levy for street lighting purposes for the reason that when it was submitted to the people it was not stated in dollars and cents as required by ORS 310.400 but was stated in mills only.[1] Thereafter the commission issued a formal order directing defendant not to extend the levy.

Defendant complied with the order, whereupon plaintiff petitioned the Oregon Tax Court for a writ of mandamus requiring defendant to extend the levy upon the assessment and tax rolls of Marion county. The court ultimately granted the writ in peremptory form.

■ We are forced to conclude that the Oregon Tax Court was without authority to issue a writ of mandamus in the present proceedings. ORS 34.120 provides that the circuit court shall have exclusive jurisdiction of mandamus proceedings (except for the orig-

---

[1] ORS 310.400 provides as follows:

"Any proposed tax levy, whether a continuing fixed levy, continuing levy, or levy for a single year, submitted to a vote of the people by the state, any county, municipality, district or body to which the power to levy a tax has been delegated shall be stated in dollars and cents in the measure to be voted upon, and not otherwise, notwithstanding any provision of any other statute of this state to the contrary, and where not inconsistent with or otherwise provided for in the Constitution of this state."

inal jurisdiction in mandamus proceedings vested in the Oregon Supreme Court).[2]

When the Oregon Tax Court was created ORS 34.120 was not amended to extend the jurisdiction of the circuit courts in mandamus proceedings to the tax court. Nor do the statutes creating the tax court give it the status of a circuit court so as to bring it within the terms of ORS 34.120. Although the tax court statutes do reflect the intent to equate the tax court with the circuit courts in certain respects,[3] there is nothing in these or any other statutes indicating an intent to equate the jurisdiction of the tax court with the previous jurisdiction of the circuit courts in tax matters.

If the tax court is not a "circuit court" then ORS 34.120 is controlling unless it can be said that the tax court was vested with the authority to entertain mandamus proceedings in tax matters within its jurisdiction and that, therefore, ORS 34.120 was impliedly amended or partially repealed. We are unable to find in the statutes themselves or in their legislative background a legislative intent to vest in the tax court the general authority to issue writs of mandamus.

Authority is vested in the tax court to issue writs of mandamus where a taxpayer fails to file an income tax return within a prescribed time. ORS 314.365. It

[2] ORS 34.120 provides:

"The circuit court or judge thereof of the county wherein the defendant, if a public officer or body, exercises his or its functions, or if a private person or corporation, wherein such person resides or may be found, or such private corporation might be sued in an action, shall have exclusive jurisdiction of mandamus proceedings, except that the Supreme Court may take original jurisdiction in mandamus proceedings as provided in section 2 of amended article VII of the Oregon Constitution."

[3] E.g., ORS 305.460 (1) and (3) (salaries and retirement of the respective judges).

is argued that since ORS 314.365 modifies ORS 34.120 without expressly amending the latter statute, a similar modification can be implied if the statutes vest in the tax court a jurisdiction in tax matters broad enough to include the authority to issue writs of mandamus. It may be argued with equal force that the express grant of authority to issue writs of mandamus in the one situation described in ORS 314.365 impliedly negates the authority to issue writs in other situations.

But approaching the question from the standpoint of an implied amendment or partial repeal of ORS 34.120, we fail to see how it is possible to derive from any of the statutes, singly or taken as a whole, an intent to vest in the tax court a jurisdiction over tax matters broad enough to carry with it by implication the jurisdiction to entertain mandamus proceedings.

■ The jurisdiction of the tax court is nowhere expressly defined. ORS 305.410 provides:

"(1) Subject only to the provisions of ORS 305.445 relating to judicial review by the Supreme Court, the tax court shall be the sole, exclusive and final authority for the hearing and determination of all questions of law and fact arising under the tax laws of the state in cases within its jurisdiction.

"(2) No person shall contest, in any action, suit or proceeding in the circuit court or any other court, any matter reviewable by the tax court."

This statute is not helpful in defining the court's jurisdiction. It simply provides that in cases within its jurisdiction, *whatever that may be,* the tax court has the exclusive and final authority to adjudicate questions arising under the tax laws of this state. If the statute had granted to the tax court the "sole, exclusive and final authority for the hearing and determina-

tion of all questions of law and fact arising under the tax laws of this state,'' without the modifying clause "in cases within its jurisdiction," the language would describe not only the *exclusive character* of its jurisdiction but its *scope* as well. But the statute is not so worded and consequently the language referred to cannot be relied upon as an expression of a legislative design to give the tax court broad adjudicatory authority in the field of taxation in this state. In this connection it is interesting to note that ORS 306.530 (5) defines the authority of the State Tax Commission in similar language. There it is provided that in appeals from the orders of county tax officials the hearing before the commission "shall determine finally all questions of law and fact arising under the tax laws of the State of Oregon," (subject, however, to judicial review by the tax court and the Oregon Supreme Court). It is apparent that the use of such language was not intended to describe anything more than the finality of the administrative adjudication. Similarly, ORS 305.410 describes nothing more than the finality and exclusiveness of the tax court's jurisdiction, whatever it may be.

When we turn from ORS 305.410 to other statutes relating to the tax court we receive no further enlightenment as to the scope of the court's jurisdiction. The lower court concluded that these statutes together with other tax statutes reveal "that the legislature did not intend to create an inferior tribunal with severely constricted powers of review, but rather it established a true court of justice with plenary judicial powers of a general trial court and reviewable only by the Supreme Court."

We are unable to find the source of the infer-

ence drawn by the lower court. There is nothing in the statutes or elsewhere to indicate whether the legislature regarded the tax court as an "inferior tribunal" or as "a true court of justice with plenary judicial powers." The fact that the tax court was given "exclusive and final authority" in the adjudication of certain tax matters (and in that sense was to be a court with "plenary judicial powers") does not establish that the court was to have the "plenary judicial powers of a *general* trial court." Generally when a court is given jurisdiction in a limited subject matter area, the inference runs the other way and the court is classified as a court of inferior status.[⑥] The creation of a court as a "general trial court" in Oregon would not, in itself, permit the inference that it was to have jurisdiction in mandamus cases. Our district courts, although possessing little exclusive or final authority, have been given jurisdiction over a wide variety of cases and, in that sense, are general trial courts. Yet, they do not have the authority to entertain mandamus proceedings.

If any inferences are to be drawn from the tax court statutes they would seem to be against rather than in favor of the conclusion that the tax court was to have jurisdiction in mandamus cases. If the tax court had been given exclusive authority to hear and determine all questions of law and fact arising under *all of the tax laws of this state,* there would be some basis for arguing that any case in the tax field, including those requiring mandamus proceedings, was to be heard by the tax court. But the tax court's jurisdiction is not that broad. The circuit courts still have

---

[⑥] E.g., Holloway v. Holloway, 203 S.C. 339, 27 SE2d 457 (1943) (Domestic Relations Court).

jurisdiction over various tax matters.[5] Since the legislature reserved to the circuit courts their jurisdiction in determining questions arising out of a part of the tax laws, it is not unreasonable to conclude that the authority to issue writs of mandamus in tax matters was also reserved.

The lower court reasons that the legislature must have intended to transfer mandamus jurisdiction to the tax court because were it held otherwise it "would mean that all tax remedies lie in this special court, except only the remedy of mandamus." It is not clear how the term "tax remedies" is used in this context. If the term is intended to describe the procedural means of obtaining relief in the tax cases within the tax court's jurisdiction, then it may be observed that there is nothing in the statutes to indicate what procedural devices were to be available in the tax court. If "tax remedies" is intended to describe the scope of the tax court's jurisdiction from the standpoint of subject matter, then, as we have already indicated, all tax remedies do not lie in the tax court.[6]

It may be noted further in this connection that the statutes are by no means clear as to the scope of the tax court's *original* jurisdiction to hear tax questions. These statutes lend themselves to a construction limiting the tax court's authority to that of reviewing questions presented upon appeal from the tax commission except in a very limited and special class of cases.[7]

---

[5] E.g., ORS 118.350, 118.500 (inheritance taxation); ORS 321.470 (Eastern Oregon severance tax); ORS 321.765 (Western Oregon small tract optional tax).

[6] See note call 5.

[7] E.g., ORS 305.410 (2) (providing that there be no contest in any court of any matter "reviewable" by the tax court); ORS 305.435 (enumerating in strictly appellate terms the types of

It can be argued that the legislature intended to leave to the circuit courts jurisdiction to decide all questions not previously required by statute to be first presented to the tax commission for its consideration, except in the limited class of cases in which original jurisdiction is expressly conferred on the tax court.[⑨] The idea of a tax court empowered only to sit in review over matters originating in administrative tribunals is not novel. The United States Tax Court is such a court. It is conceivable that the Oregon Tax Court was modeled after the United States Tax Court in this general respect, rather than as a court of original jurisdiction. If the tax court was so conceived, it would then appear to be a special court as contrasted with a court of general jurisdiction such as our circuit courts.

The lower court seems to suggest that a construction depriving the tax court of jurisdiction in mandamus cases would run counter to the legislative intent to integrate all tax remedies in the tax court insofar as that court was given jurisdiction over the subject matter. We have no basis for determining the extent to which the legislature intended to integrate tax remedies in the tax court. As far as we know the legislature may have felt that because mandamus is an extraordinary remedy it should be left in the court of general jurisdiction. There is no proof offered in this case that depriving the tax court of jurisdiction in mandamus cases will result in disharmony in the

dispositions which the tax court may make: "affirm, reverse, modify or remand the order of the commission"); and ORS 305.490 (establishing a filing fee but providing, apart from cases on appeal from the commission, for its payment in only one limited area of original proceedings).

[⑨] See ORS 314.365 and 314.460 (2).

interpretation or administration of the tax laws of this state. Nor is it shown that the tax court's expertise in tax matters is necessary in determining whether a writ of mandamus should issue in tax matters. Certainly in the present case the circuit court was equally qualified to determine whether defendant had exceeded the bounds of his authority.

█ It may be conceded that the tax court statutes taken alone lend themselves as readily to an interpretation favoring plaintiff's position. But the implied partial repeal of ORS 34.120 cannot rest upon an interpretation which is no stronger than its antithesis.

The decree of the lower court is reversed.

SLOAN, J., specially concurring.

It is my concern that the opinion can be read to imply that the Oregon Tax Court is a court of inferior jurisdiction. In those situations where the legislature has granted specific power to act I am convinced that it was clearly intended that the tax court would have every power that formerly was exercised by the circuit courts. I do agree, however, that until the legislature says so specifically that this does not now include the power to issue a writ of mandamus.