## CITY OF WOODBURN *v.* H. F. DOMOGALLA AND STATE TAX COMMISSION

J. Wallace Gutzler, Woodburn, argued the cause for plaintiff. J. Wallace Gutzler, Woodburn, and Eichsteadt, Gutzler & Bolland, Woodburn, filed a brief for plaintiff.

Theodore W. de Looze, Assistant Attorney General, Salem, argued the cause and submitted a brief for defendant.

Decision for defendant rendered March 31, 1965.

EDWARD H. HOWELL, Judge.

In 1962 the voters of the City of Woodburn voted a four mill levy for street lighting. The county assessor refused to extend the levy on the tax rolls because the ballot for the tax levy was stated in mills

and not in dollars and cents as required by ORS 310.400.①

The Tax Court issued a peremptory writ of mandamus directing the assessor to extend the levy but the decision was reversed by the Oregon Supreme Court in *City of Woodburn v. Domogalla*, 238 Or 401, 395 P2d 150 (1964). The Supreme Court held the Tax Court did not have jurisdiction in mandamus proceedings and, therefore, the Supreme Court did not pass upon the validity of the tax levy.

The Oregon Legislature has recently passed Senate Bill No. 4, [Or L 1965, ch 6], granting mandamus jurisdiction to the Tax Court and the issue of the validity of the tax levy is now presented in these two cases which were consolidated for trial and decision. Different tax years are involved in each case.

The parties have stipulated that the only issue presented in the two cases is whether the ballot measure should have been stated in dollars and cents and not on the basis of mills.

The ballot measure was stated as follows:

"ANNUAL TAX LEVY FOR STREET LIGHTS
"*Purpose:* To authorize annual street light tax levy, beginning fiscal year 1962-63, and not exceeding four mills per dollar of taxable property in the City of Woodburn.

"54  *Question:* Shall the Woodburn City
Charter be amended as provided in

---

① "ORS 310.400 Proposed tax levy to be voted on by people to be stated in dollars and cents. Any proposed tax levy, whether a continuing fixed levy, or levy for a single year, submitted to a vote of the people by the state, any county, municipality, district or body to which the power to levy a tax has been delegated shall be stated in dollars and cents in the measure to be voted upon, and not otherwise, notwithstanding any provision of any other statute of this state to the contrary, and where not inconsistent with or otherwise provided for in the Constitution of this state."

Ordinance No. 1052 to accomplish YES
the above purpose?

NO"

ORS 310.400, supra, clearly prohibits any submission of a tax levy to the voters of a municipality unless the measure is stated in dollars and cents.

The plaintiff, City of Woodburn, contends that ORS 310.400 does not apply to the city because of Article XI, Section 2, of the Oregon Constitution vesting home rule powers in cities.

> "* * * the legislative assembly does not have the authority to enact a law relating to city government even though it is of general applicability to all cities in the state unless the subject matter of the enactment is of general concern to the state as a whole, that is to say that it is a matter of more than local concern to each of the municipalities purported to be regulated by the enactment." *State ex rel Heinig v. Milwaukie et al*, 231 Or 473, 479, 373 P2d 680 (1962). See also *Branch v. Albee*, 71 Or 188, 142 P 598 (1914).

No objective test is available to be able to determine with certainty which matters are of local concern and which are of general or state-wide concern. *State ex rel Heinig v. Milwaukie et al*, supra. "It is sometimes difficult, however, to distinguish between state affairs and essentially municipal affairs. It is particularly so when pertaining to matters of local taxation." *City of Portland v. Welch*, 154 Or 286, 298, 59 P2d 228 (1936).

ORS 310.400 is a part of chapter 310 of the Oregon Revised Statutes providing for the levy of property taxes. ORS 310.050 is a part of the same chapter. This latter statute is similar to ORS 310.400 in that it provides in part that "all counties, cities, school dis-

tricts and other corporations which are vested with the power of levying taxes, shall:

"(1) Make their total levy in dollars and cents and not otherwise."

The Oregon Supreme Court had occasion to pass upon the latter statute in *Clark & Wilson Lbr. Co. v. Weed,* 137 Or 186, 189, 2 P2d 12 (1931). In that case Mr. Justice BELT, who also wrote the opinion in the *Welch* case, supra, decided that the legislature "might well have had in mind" that the voter could better understand the consequences of his vote if the amount were expressed in dollars and cents instead of a certain millage. This court concurs in that statement as it expresses the intention of the legislature in enacting both ORS 310.400 and ORS 310.050. The court, referring to ORS 310.050, went on to say: "A statutory provision relating to a tax levy, the object of which is the protection of the taxpayer and a safeguard against excessive levies, is mandatory." 137 Or at 189.

It is true that the court in *Boyle v. City of Bend,* 234 Or 91, 98, 380 P2d 625 (1963), stated that a tax levy is a matter of local concern. Generally this would be true. However, in the *Boyle* case the court relied, in part at least, on the *Welch* case as authority for that statement. In the *Welch* case the court stated that a tax levied to pay "city officials, repair fire hose, build a swimming pool, buy stamps, or improve a public park" are matters of local and not state-wide concern. 154 Or at 298. This is undoubtedly true but the method of submitting such tax levies to the voters is of more than local concern, particularly if the statutes controlling the submission of the measure to the people are for the protection and enlightenment of the tax-

payer as was decided in the *Clark & Wilson* case, *supra.*

■ It is concluded that ORS 310.400 pertains to matters of general concern to the people of the state. Therefore, the tax levy is invalid as it did not comply with the provisions of said statute requiring the measure to be submitted in dollars and cents instead of a millage basis.