Argued January 15, reversed and dismissed February 17, opinion modified on rehearing March 30, 1920.

# HANER *v.* EUGENE.*

(187 Pac. 841; 188 Pac. 711.)

**Municipal Corporations—Abutting Owner Liable to Assessment for Curbing, Though Other Curbing Previously Existed.**

1. Where a municipality through proper procedure directed the paving of a street at a given width, there was a manifest intention to have a uniform curbing, that is, one adjoining the paved way, and plaintiff, an abutting property owner, cannot escape liability for curbing because one of his predecessors had constructed a sidewalk and curb in front of the premises; such curbing having been constructed on the theory that the street would have a considerably greater width than that at which it was paved.

---

*The question of assessment of costs of local improvement made under municipal authority against abutting owner who has made improvement on his own initiative is discussed in a note in 22 L. R. A. (N. S.) 877.                    REPORTER.

Municipal Corporations—Plans Made Part of Paving Notice by Reference.

2. Reference to plans in notice of paving *held* to make plans part of notice as effectually as if they had been copied therein.

Municipal Corporations—Publication of Improvement Notice Binding on Property Owner.

3. Where there was no irregularity in the publication of notices and an ordinance directing paving, such notice is binding on a property owner, though he had no actual knowledge.

### ON PETITION FOR REHEARING.

Municipal Corporations—Existence of Old Curb not Conforming to New Plan Held not Defense to Assessment, Including New Curb.

4. In a suit to cancel as special street paving and curbing assessment, the fact that a curb had previously been constructed in front of plaintiff's premises by plaintiff's predecessor in accordance with an alleged plan authorized by the city, constituted no defense, where under the contemplated improvement such curb would not be in line with the new curb; there being nothing to show that the city had authorized its construction, or the order of the city engineer under which it was constructed.

Municipal Corporations—Encroachment of Retaining Wall Held not to Invalidate Entire Assessment.

5. In a suit to cancel a street-paving assessment, that a retaining wall to some extent encroached on private property thus increasing the expense of the improvement, did not constitute a ground for declaring the whole improvement invalid, although the objecting taxpayer would be entitled to an abatement of so much of his assessment as went into that part of the structure which extended beyond the exterior boundaries of the street, particularly where such reduction was not the object of the suit.

From Lane: JAMES W. HAMILTON, Judge.

Department 2.

This is a suit instituted by the respondent for the purpose of canceling and setting aside a special assessment made upon his property by the City of Eugene, for the improvement of Alder Street in front of his property. The improvement is the same discussed in *Gamma Alpha Bldg. Assn.* v. *Eugene,* 94 Or. 80 (184 Pac. 973), and several of the questions raised on this appeal are settled in that case.

The errors in the proceedings which respondent claims rendered the assessment void are substantially

that there was an attempt to assess plaintiff's property for the construction of a retaining wall fronting upon the ditch of the Chambers Power Company where Alder Street approaches the same, which contention is stated and discussed in the case above referred to.

Another error in the proceedings is predicated upon the statement that there was no notice of an intention on the part of the city to improve the street by curbing in front of plaintiff's property.

Another alleged error in the proceedings is the inclusion in the special assessment of a 5 per cent charge for engineer's services. This feature of the case was also discussed and settled in *Gamma Alpha Bldg. Assn.* v. *Eugene,* 94 Or. 80 (184 Pac. 973).

Another alleged defect is stated as follows:

"The notice to the contractors and property owners stated that the successful bidder would be required to give an additional bond, equal to 25 per cent of the total price, guaranteeing the repair of the pavement for a period of five years against defects in pavement due to proper and ordinary use as a street. From this notice it will be presumed that the cost of the improvement is thereby increased and the assessment is therefore void."

The court found for the plaintiff, and the defendant appeals. REVERSED AND DISMISSED.

For appellant there was a brief and an oral argument by *Mr. O. H. Foster.*

For respondent there was a brief and an oral argument by *Mr. R. S. Hamilton.*

McBRIDE, C. J.—The contentions in regard to the retaining wall, the 5 per cent for engineer charges, and the covenant to keep in repair for five years, were dis-

cussed and settled in *Gamma Alpha Bldg. Assn.* v. *Eugene,* 94 Or. 80 (184 Pac. 973), and that decision was adverse to the contentions made in this suit. For our views in regard to these we refer to that opinion, to which we still adhere.

1. The legality of the assessment for curbing in front of plaintiff's property is the only objection to the assessment not disposed of in the previous opinion. The contention arises in this way:

By Ordinance No. 1406 the council declared its intention to improve Alder Street. Section 1 of the ordinance is as follows:

"The Common Council of the city of Eugene does hereby declare its intention to improve Alder Street from Eleventh Avenue North to the mill race by paving said street between said points with asphaltic concrete pavement twenty-four (24) feet in width.

"That said street shall be paved between said points with asphaltic concrete pavement having a concrete base of four (4) inches in thickness and an asphaltic concrete wearing surface two (2) inches in thickness. There shall be spread over said concrete base a paint coat and there shall be spread on the wearing surface a quick drying bituminous flush composition.

"The Common Council does hereby further declare its intention to improve said street between said points by the construction of uniform cement curbing along either side thereof, where none now exists, and the improvement of said street shall include all necessary inlets, drains, catch-basins and embankments, and excavations, and retaining walls."

In due time the required notice was published, the material parts of which are as follows:

"Notice is hereby given to contractors and property owners along Alder Street from Eleventh Avenue north to the Mill race in the city of Eugene, that under the terms of Ordinance No. 1406, passed by the Common Council September 29, 1913, and approved by the

Mayor on the 2nd day of October, 1913, bids will be received until 7:30 o'clock P. M. October 13, 1913, at the Recorder's Office in the city of Eugene, at which time and place said bids will be opened and considered for the improvement of said street between said points by paving said street a width of 24 feet with asphaltic concrete pavement having a concrete base 4 inches in thickness and an asphaltic concrete wearing surface 2 inches in thickness and paint coat and quick drying bituminous flush composition and by the construction of cement curbing along either side of said street where none now exists and by the construction of all necessary inlets, drains, catch-basins, embankments, excavations and retaining walls. Said improvement shall be completed within 30 days from the date of letting the contract therefor. All of the work required for said improvement shall be let in one contract and will be let to the lowest responsible bidder. The work shall be done in accordance with the plans and specifications of the City Engineer filed in the office of the City Recorder and in accordance with the terms of said Ordinance No. 1406."

There is no claim that either the ordinance or the notice were in any way irregular in form or substance. Previous to this proposed pavement plaintiff's predecessor in interest had constructed a sidewalk and curb in front of the premises now owned by plaintiff, but such walk and curb had been constructed upon the theory that the street would be paved to a width of 34 feet, and when the paving was actually restricted to a width of 24 feet, the curbing would not be uniform with the curbing on the rest of the street.

We think plaintiff's position untenable. The manifest intention was to have a *uniform* curbing, that is: One adjoining the paved way, and not a curbing with a jog in front of property which had theretofore been voluntarily improved.

2. The notice to owners and contractors followed the description in the ordinance, but added this important paragraph:

"The work shall be done in accordance with the plans and specifications of the city engineer filed in the office of the City Recorder and in accordance with the terms of said Ordinance No. 1406."

This reference, in point of law, made these plans a part of the notice just as effectually as if they had been copied in full thereon, and on these plans is shown a curb immediately next to the 24-foot pavement.

3. The plaintiff, who resides at Bend, Oregon, testified that he had no actual notice of the improvement, or any notice beyond that implied by the publication of these notices and the Ordinance, but there being no irregularity in these, they are of course binding upon him.

This disposes of every objection not considered in the former case, and upon the authority of that case and the finding here that the objection to the assessment for curbing is not well taken, the decree of the circuit court will be reversed and the suit dismissed.

REVERSED AND DISMISSED.

BEAN, JOHNS, and BENNETT, JJ., concur.

Modified on petition for rehearing March 30, 1920.

PETITION FOR REHEARING.

(188 Pac. 711.)

Original opinion modified on rehearing and decree rendered.            REVERSED.    DECREE RENDERED.

*Mr. R. S. Hamilton,* for the petition.

*Mr. O. H. Foster, contra.*

McBRIDE, C. J.—In his able and ingenious brief upon the petition for rehearing, counsel for plaintiff renews his attack upon the sufficiency of the notice of the proposed improvement. This notice, which is quoted in the original opinion, states that the improvement will be made in accordance with the plans and specifications on file in the office of the city engineer, and thereby these plans and specifications were imported into the notice and became a part thereof, to the same extent as if they had been particularly described and set forth at large therein. These plans and specifications are before us and are exactly in accord with the work as performed; the retaining wall being shown in detail thereon.

It is claimed that the testimony of Mr. Wagoner, a former city engineer, shows that the old curb placed in front of plaintiff's premises was placed there by authority of the city, and that the narrowing of the pavement to 24 feet, instead of 34 feet, constitutes a change of the plan of improvement, and that plaintiff's predecessor having complied with the requirement of the original plan, plaintiff cannot be again assessed because of a change in the nature of the improvement.

4. There is nothing in the evidence to show that, prior to the present improvement, the street had ever been improved or ordered to be improved by the city; nor that any plan of improvement had been theretofore adopted by the city. No previous ordinance declaring any intention to improve the street, or notice of such intention, were introduced and, presumably, none exist. The width to which the street might be paved in the future was necessarily a matter of mere speculation, so far as the city engineer was concerned, and no authority is shown to have existed in him to fix the location of the old curb. He and plaintiff's predecessor in interest made a guess as to the width to which the council would improve the street, and the guess proved a wrong one.

So far as the record or testimony outside of the record is concerned, there is nothing to show that the old curb was constructed by any mandate of the city, or that its construction was other than a mere voluntary act. In addition to this, had the present improvement been extended to the width of 34 feet, so as to comply with the then existing curb, the additional paving, at the rate at which the contract was let, would have cost plaintiff about $20 more than the cost of constructing a new curb.

5. It is also suggested that the retaining wall extends laterally two feet on each side over and upon private property, and the testimony indicates that such may be the case. Whether this was with the consent of the owners of such property does not appear. The extra expense of this extension beyond the exterior line of the street, so far as this plaintiff is concerned, is, comparatively, infinitesimal. No specification of this objection is made in the complaint, and it only crops out incidentally in the testimony. At the most

it would not furnish ground for declaring the whole improvement invalid, but, in equity, it would entitle the plaintiff to an abatement of so much of his assessment as went into that part of the structure, which is beyond the exterior boundaries of the street. A careful computation places this amount at the sum of $16. It is evident that this reduction was not the object of the suit, and that in every substantial particular the plaintiff is defeated here.

In consideration of the premises the decree of the Circuit Court will be reversed, and a decree entered here, declaring the assessment against plaintiff's property valid to the extent of $566.74, and directing the city to proceed to collect that sum, as upon an original assessment for that amount. Defendant will recover its costs and disbursements in the lower court and neither party will recover costs and disbursements in this court.

ORIGINAL OPINION MODIFIED. DECREE RENDERED.

BEAN, JOHNS and BENNETT, JJ., concur.