Argued April 9, affirmed September 8, 1965

CROCKER ET AL v. CITY OF ALBANY

405 P. 2d 364

 
 

*C. S. Emmons,* Albany, argued the cause for appellants. On the brief were Willis, Kyle & Emmons, Albany.

*Merle A. Long,* City Attorney, Albany, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL and DENECKE, Justices.

PERRY, J.

The plaintiffs are the owners of real property in the city of Albany. In March, 1963, the city of Albany by ordinance initiated proceedings to pave certain streets in that city. The city thereafter completed the project and the plaintiffs, as abutting owners on the improved streets, brought this suit to enjoin the city from enforcing the lien of the assessments as levied upon each plaintiff's particular lot.

The trial court sustained the city's demurrer to plaintiffs' complaint and plaintiffs appeal.

The material portions of the complaint necessary to this appeal are as follows:

"That contrary to the notice of said hearing and the engineer's report the actual cost of the improvements for the respective plaintiffs and the respective pieces of property was in fact greatly in excess of the estimated costs as set forth in such notice, the actual cost being set forth in a notice of assessment mailed to each of the plaintiffs on the 27th day of March, 1964, a copy of the notice thus addressed to each of the plaintiffs being hereto

attached marked exhibit 'C' and by this reference made a part hereof. That the copy hereto attached is a copy of the notice mailed to plaintiffs Alva C. Crocker and Emily Crocker for one of their parcels of property and is referred to as being a copy of all notices thus mailed to each of the plaintiffs except as to the description of property and the amount, and that the description of the property and the amounts on the notices of assessment are as hereinafter noted:

| "Property Owner | Description | Estimate | Actual Assessment |
| --- | --- | --- | --- |
| "Alva C. Crocker and Emily Crocker | Parcel No. 1: N½ Lots 1, 2, 3, Blk. 13, Epauline Add. | $ 454.17 | $ 730.51 |
| "Alva C. Crocker and Emily Crocker | Lots 4 & 5 Blk. 12, Epauline Add. | 786.65 | 1057.69 |
| "Paul J. Stone and Nancy Stone | Lots 7 & 8, Blk. 5, Epauline Add. | 809.39 | 1133.09 |
| "L. A. Stambaugh and Alberta Stambaugh | Lots 1 & 2, Blk. 11, Epauline Add. | 809.39 | 1133.06 |
| "Neil C. Middleton and Darlene Middleton | Lot 1, Blk. 8, Epauline Add. | 759.70 | 968.35 |
| "H. A. Luther and Margeurite Luther | Lots 7 & 8, Blk. 8, Epauline Add. | 809.39 | 1133.05 |
| "Charles M. Venard and Blanche Venard | Lot 8, Blk. 11, Epauline Add. | 759.96 | 968.35" |

The plaintiffs then allege:

"* * * That by reason of the fact that this material variance exists between the estimated cost

and the actual cost as to each of the plaintiffs the provisions of ordinance No. 2864 have not been complied with, notice has not been given as required by said ordinance and the assessments attempted to be made by the defendant against the plaintiffs are in each instance invalid and cannot be lawfully assessed against the property of the respective plaintiffs in each instance.

## "VIII.

"That as heretofore set forth the several plaintiffs are residents of Thurston Street between Thirteenth Avenue and Queen Avenue and are within the area designated as project No. 3 in the Engineer's report, and that the street thus being improved adjacent to the property of the respective plaintiffs is a street 36 feet in width. That one of the streets included in the improvement program as shown by the Engineer's report, copy of said report being hereto attached marked Exhibit 'E' and by this reference made a part hereof[,] is Elm Street between Queen Avenue and Twenty-first Avenue, known as project No. 16, and that as shown by said notice the street in that area was improved to a width of 56 feet. That this street extends across the front of property owned by the Union High School District No. 8 and that pursuant to the Engineer's report and the resolution approving the same Elm Street was in truth and fact paved and improved to a width of 56 feet between Queen Avenue and Twenty-first Avenue and along and in front of the property of School District No. 8. That the width of the street thus improved was a width 20 feet in excess of the width of Thurston Street in front of the property of the plaintiffs and that the defendant city in computing and assessing the cost of the improvements to these plaintiffs and to the property owners affected by the street improvement program for 1963 assessed the cost of all of the improvement made in 1963, including a 56 ft. width Elm Street as above noted,

on the basis of a front or running foot and averaged the entire cost of all of the various improvements, including said 56 ft. Elm Street, in arriving at the cost per foot, and that by this method the defendant thereby forced these plaintiffs and other property owners whose property was assessed to pay for the improvement program set forth in the Engineer's report to pay for a portion of the additional width and cost of the street improvement for Elm Street and to pay for a street improvement which they did not in fact receive the benefit of save and except that as general taxpayers within the City and within said school district.

"IX.

"That the method of assessment thus adopted by defendant City as hereinabove alleged and which is the basis for the assessment made against the properties of the respective plaintiffs as hereinabove alleged is, in fact, unequal, unjust and unconstitutional in that by this method of assessing the cost of such improvement the cost is not fairly, equitably and evenly distributed in that the several property owners including these plaintiffs whose property is being subjected to the assessment levied by defendant are being required to pay the excess cost and burden of the 56 ft. street fronting the property of School District No. 8 along Elm Street when in truth and fact that burden should properly be borne by all the taxpayers of the school district, and that this method of assessment constitutes an unlawful taking of the private property of these plaintiffs for public use without just compensation and without due process of law."

■ A suit in equity, brought by a property owner to set aside an assessment for municipal improvements and to enjoin enforcement of the lien thereby created where the municipal authorities are granted the authority to provide municipal improvements, as is the city of Albany, is a collateral attack upon the city's

legislative judgments and, in the absence of allegations of fraud or palpably unjust and oppressive action, the courts will not interfere. *Phipps v. Medford,* 81 Or 119, 156 P 787, 158 P 666.

It will be noted that the plaintiffs do not contend that the defendant city failed in any manner to follow the formal proceedings required to lawfully proceed with the improvement of the streets within the city. They state that, since there was a material variance between the estimated cost and the actual cost of the improvements, the notice required by ordinance was invalid.

The ordinance requires only that an estimated cost be given in the notice. There is no requirement that the estimated cost shall be within a certain percentage limit of the actual cost, and the plaintiffs do not allege any fraud in connection with the estimate; such as, that a fraudulent estimate was given for the purpose of misleading the plaintiffs and causing them not to protest the proposed improvement as they were privileged to do.

The plaintiffs' pleadings disclose that the estimate of the cost of the improvements was based upon the average cost of prior improvements.

The plaintiffs' principal contention, that their complaint states a cause of action, is based upon their allegations to the effect that the entire cost of the improvement of the streets was assessed on a front foot basis for the entire project, without regard to the fact that the streets were not of uniform width and, therefore, there was not a uniformity of cost as measured on a front foot basis; that this method of assessment necessarily required those living on the narrower streets to help in the payment of the costs expended upon the wider streets.

■ Assessing the improvement costs on a front foot basis is not an illegal method of assessment. *Smith v. Jefferson,* 75 Or 179, 146 P 809.

■ This assertion of the plaintiffs as to the method of assessment would invoke the powers of a court of equity only if it were made to appear that the assessments were made without reference to the benefits received. It appears from the complaint that this particular improvement comprised a single district where the streets were adjacent to each other. "It is well established that a city may use an area basis in making an assessment." *Raz et al v. City of Portland et al,* 226 Or 515, 521, 360 P2d 549. And an area basis may be used in apportioning benefits. *Rogers v. City of Salem,* 61 Or 321, 122 P 308.

■ To have a valid assessment, the expense of the improvements must be assessed only against the lands benefited, and reasonably apportioned according to such benefits. *King v. Portland,* 38 Or 402, 63 P 2, 55 LRA 812; *O & C. R. R. Co. v. Portland,* 25 Or 229, 35 P 452.

■ There is no allegation in the complaint that all of the properties assessed within the contiguous district, if not reasonably equally benefited, were benefited so disproportionately as to make the method of assessment appear palpably unjust and oppressive and thus make it appear that the city acted arbitrarily. *Raz et al v. City of Portland et al,* supra.

The judgment of the trial court is affirmed.