Argued July 8, reversed in part, affirmed in part,
modified in part September 5, 1968

## BROWN, *Respondent, v.* CITY OF SALEM, *Appellant.*

444 P. 2d 936

*William J. Juza*, Salem, argued the cause and filed the briefs for appellant.

*William B. Wyllie*, Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, LUSK and RODMAN, Justices.

RODMAN, J. (Pro Tempore).

This is an appeal from a decree which declared void assessments for street improvements made by the defendant City of Salem against the real property of the plaintiff and which enjoined collection of the assessments. The improvement consisted of the paving and curbing of a portion of Pigeon Hollow Road and the installation of a sidewalk along the west side of the road. The plaintiff is the owner of all of the property on the east side of the improved portion of Pigeon Hollow Road and owns one lot fronting on the west side of the improved road.

The plaintiff contends that the assessments against her property are void because the city failed to give her notice of its intention to undertake the improvement and failed to provide a hearing on the amount of the assessments. She concedes that the city followed all the procedural requirements of its charter for undertaking a street improvement and the assessment of the benefited property. She argues (1) that under the

circumstances of this case the character of the notice given her of the intention to undertake the improvement violated due process of law under the Fourteenth Amendment to the United States Constitution and (2) that the assessment procedure employed by the city violated ORS 223.389.

The plaintiff's property constitutes 52 per cent of the property fronting upon the portion of the road to be improved. Section 26 of the charter of the city of Salem provides that notice of intention to make a street improvement shall be given by publication once a week for two successive weeks in a daily newspaper published in the city. Section 28 of the charter provides that if the owners of a majority of the superficial area of the property liable to assessment shall file a written remonstrance against the project within 10 days after the final publication of the notice of the intention to make the improvement, the improvement shall be defeated. Salem's Ordinance 28.34 requires that if sidewalks are to be installed notice must be posted on the affected property at least five days before the hearing on the improvement.

On May 9, 1966, the common council of the city of Salem declared its intention to make the Pigeon Hollow Road improvement and directed that notice be published in a Salem daily newspaper. Notice was published and no remonstrance was filed. Notice of the intention to improve was also posted on each of the five lots which were subject to assessment for the improvement.

We will assume that the plaintiff did not see the posted or published notices of the declaration of intention to improve by the city council and that she had no actual knowledge of that action until after the deadline for filing remonstrances had passed.

The plaintiff does not challenge the constitutionality of the charter provisions of the defendant city which provide for notice of intention to improve by newspaper publication. This court has approved of such notice by publication. *Haner v. Eugene*, 95 Or 596, 187 P 841, 188 P 711 (1920).

Rather, she contends that when the city has the name and address of a property owner affected by a street improvement, due process requires that notice be given by mail. The plaintiff is a Salem resident. The city at all times had her name and address and knew she owned property liable to assessment for the improvement.

The plaintiff relies upon a line of cases which hold that due process of law requires notice by mail of proceedings which will affect one's rights when that person's name and address are known or are easily ascertainable.

In *Mullane v. Central Hanover Tr. Co.*, 339 US 306, 70 S Ct 652, 94 L ed 865 (1950), notice of the judicial settlement of an accounting had been made by publication by the trustee of a common trust fund. The Court adopted a standard of notice which is reasonably calculated to inform as the test to determine if due process has been satisfied. The Court held that due process required mailed notice to beneficiaries of the trust fund whose names and addresses were known.

The *Mullane* rule was applied to notice of the hearing to fix damages in condemnation proceedings in *Walker v. Hutchinson City*, 352 US 112, 77 S Ct 200, 1 L ed 2d 178 (1956). As permitted by statute the defendant city gave notice of the hearing to determine damages for the taking of plaintiff's land by one publication in the city's official newspaper. The plaintiff did not see the published notice and was unaware of

the condemnation action against his property until the appeal period had passed. Walker's name was known to the city and appeared in official records. The court held that since there was no compelling reason why more direct notice could not have been given, published notice of the hearing to fix compensation violated the Due Process Clause.

Posted and published notice of the appointment of commissioners to determine damages in a condemnation action by the city of New York was held to be violative of due process when the landowners' name and address were readily ascertainable from deed records and tax rolls. *Schroeder v. City of New York,* 371 US 208, 83 S Ct 279, 9 L ed 2d 255, 89 ALR2d 1398 (1962).

The *Mullane* rule has been applied to cases involving notice of hearings to determine assessments for municipal improvements. *Wisconsin Electric Power Co. v. Milwaukee,* 272 Wis 575, 76 NW2d 341 (1956), cert. granted, 352 US 948, 77 S Ct 324, 1 L ed 2d 241 (1956), 275 Wis 121, 81 NW2d 298 (1957); *City of Houston v. Fore,* 412 SW2d 35 (1967).

None of the above cases is authority for the plaintiff's contention that due process of law entitles her to notice by mail of the defendant city's intention to undertake the improvement of Pigeon Hollow Road. The *Mullane* case dealt with the notice that must be given of judicial proceedings between private parties. *Walker* and *Schroeder* dealt with the notice that must be given by a city before damages can be assessed in condemnation proceedings. The *Wisconsin Electric Power Company* case and the *City of Houston v. Fore* case likewise dealt with the notice that must be given by a city before assessments may be made for public improvements.

In her brief the plaintiff does not distinguish between the notice requirements for initiating a public improvement project and for fixing the subsequent assessments against benefited property owners. Due process does not require that a city give affected property owners notice of its intention to launch a public improvement. *Utley v. St. Petersburg*, 292 US 106, 54 S Ct 593, 78 L ed 1155 (1934); *Chicago, etc. R.R. v. Risty*, 276 US 567, 48 S Ct 396, 72 L ed 703 (1928).

"* * * There is no constitutional privilege to be heard in opposition at the launching of a project which may end in an assessment. It is enough that a hearing is permitted before the imposition of the assessment as a charge upon the land [citing cases], or in proceedings for collection afterwards * * *." *Utley v. St. Petersburg*, 292 US at 109.

In *Wilson v. City of Salem*, 24 Or 504, 34 P 9 (1893), the charter of the city of Salem did not at that time provide for notice at the inception of the public improvement. The city undertook the improvement of Chemeketa Street. Notice was given to property owners of the hearing at which the assessments were determined, but no notice was given at the inception of the project. In holding that notice at that stage was not required Mr. Justice BEAN, speaking for the court, said:

"* * * The wisdom and expediency of the improvement, the character and cost of the work, the manner of letting the contract or doing the work, are all matters of legislative control, and vested by the charter in the discretion of the council, and upon which the property owners have no constitutional or charter right to be heard: *Paulsen v. City of Portland*, 149 U.S. 30 (13 Sup. Ct. Rep. 750); *Spencer v. Merchant*, 100 N.Y. 585 (3 N.E. Rep. 682; S.C. 125 U.S. 345; 8 Sup. Ct. Rep. 921). * * * Under a general grant of power to do work of this

kind, the city may by ordinance, as was done in this case, provide for notice to the property owner, and the rule is that if provision is made 'for notice to and hearing of each proprietor at some stage of the proceedings upon the question of what proportion of the tax shall be assessed upon his land, there is no taking of his property without due process of law': *McMillen v. Anderson,* 95 U.S. 37; *Davidson v. New Orleans,* 96 U.S. 97; *Hagar v. Reclamation Dist. No. 108,* 111 U.S. 701 (4 Sup. Ct. Rep. 660); *Spencer v. Merchant,* 125 U.S. 345 (8 Sup. Ct. Rep. 921) * * *." 24 Or at 508-509.

■ In the case at bar the city charter provided for notice by publication to the affected property owners. This notice was given. The notice was required, not because of the demands of due process of law, but rather as a jurisdictional prerequisite to the city's exercise of power under its charter. *Johns v. City of Pendleton,* 66 Or 182, 133 P 817, 134 P 312 (1913); *Clinton v. City of Portland,* 26 Or 410, 38 P 407 (1894); *Fry v. City of Salem,* 84 Or 184, 164 P 715 (1917); Rhyne, Municipal Law 723-724, § 29-6 (1957).

The plaintiff's contention that due process of law entitled her to notice by mail of the city's intention to improve Pigeon Hollow Road is without merit.

The plaintiff also contends that the assessments are void because the city failed to give notice of the proposed assessments and provide a time for the filing of objections thereto as required by ORS 223.389.

ORS 223.389 provides:

"The council may prescribe by ordinance or resolution the procedure to be followed in making local assessments for benefits from a local improvement upon the lots which have been benefited by all or part of the improvement, to the extent that the city charter does not prescribe the method of procedure. The ordinance or resolution prescribing the same

shall provide for adoption or enactment of an ordinance or resolution designating the improvement as to which an assessment is contemplated, describing the boundaries of the district to be assessed. Provision shall be made for at least 10 days' notice to owners of property within the proposed district in which the local improvement is contemplated, which notice may be made by posting, by newspaper publication or by mail, or by any combination of such methods. Such notice shall specify the time and place where the council will hear and consider objections or remonstrances to the proposed improvement by any parties aggrieved thereby. If the council determines that the local improvement shall be made, when the estimated cost thereof is ascertained on the basis of the contract award or city departmental cost, or after the work is done and the cost thereof has been actually determined, the council shall determine whether the property benefited shall bear all or a portion of the cost. The recorder or other person designated by the council shall prepare the proposed assessment to the respective lots within the assessment district and file it in the appropriate city office. Notice of such proposed assessment shall be mailed or personally delivered to the owner of each lot proposed to be assessed, which notice shall state the amounts of assessment proposed on that property and shall fix a date by which time objections shall be filed with the recorder. Any such objection shall state the grounds thereof. The council shall consider such objections and may adopt, correct, modify or revise the proposed assessments and shall determine the amount of assessment to be charged against each lot within the district, according to the special and peculiar benefits accruing thereto from the improvement, and shall by ordinance spread the assessments."

The statute requires that two notices must be given. The first provides for 10 days' notice to affected property owners of the proposed improvement.

A hearing must be provided at which the council will hear objections or remonstrances. The second notice must advise property owners of the proposed assessments and the deadline before which objections must be filed.

Neither in the charter nor the ordinances of the city of Salem is provision made for the second notice. Article 35 of the Salem charter does provide that notice shall be given of the assessment before the city can institute collection procedures. Such a notice was mailed to the plaintiff. But the only purpose served by this notice is to inform the property owner that a lien has been placed upon his property and allow him to either pay the assessment or make Bancrofting arrangements for its payment. No notice is provided that he may file objections to the amount of the proposed assessments as contemplated by ORS 223.389.

In *Bennet v. City of Oceanlake,* 247 Or 539, 430 P2d 1004 (1967), the court held that ORS 223.389 applied where the city of Oceanlake had neither by charter nor ordinance provided for notice and a hearing before the commencement of a public improvement. We now hold that the statutory notice provisions of ORS 223.389 apply when the city has not provided for notice to property owners before fixing the amount of assessments. The city argues that it has provided by charter a complete system for undertaking public improvements and assessing the benefited property owners, and that therefore the provisions of ORS 223.399 do not apply. ORS 223.399 provides:

"The council may impose additional procedural requirements. The procedural provisions of ORS 223.387 to 223.399 shall apply only where the city charter or ordinance does not specify otherwise * * *."

If the city by charter or ordinance had enacted substitute provisions for the second notice mentioned above the question would be raised (1) whether the proper interpretation of ORS 223.399 is that the statutory requirements are not applicable if the city has by charter or ordinance substituted comparable notice procedures or (2) whether it means that any notice provided by charter or ordinance must be complied with in addition to the requirements of ORS 223.389. For example, if the Salem charter provided for notice and a hearing at which affected property owners could orally present their objections to the council, we would have to decide whether the charter provision was an adequate substitute for the statute or whether both the statute and charter would have to be complied with.

The question is not raised in the instant case because the defendant city has not by charter or ordinance provided any procedure by which property owners may make known their objections to the proposed assessments. *Bennet v. Oceanlake,* supra. The defendant further argues that the second notice provided by ORS 223.389 is inapplicable because the amount of assessments to be imposed upon benefited property owners must be determined by a fixed formula as set forth in section 43 of its charter, and therefore no purpose is served by a notice and hearing since the city council is left with no discretion in determining how the costs of the project shall be apportioned among the several property owners.

63 CJS 1171, Municipal Corporations § 1400, states the rule:

"* * * Where the legislature declares that the apportionment of an assessment shall be according to area or frontage, or in proportion to the assessed valuation of the property, or the cost of the work as

to each parcel of property, thereby making the ascertainment of the amount of assessments on individual lots a mere mathematical calculation leaving no discretion in the matter to the board or officers making the assessment, no notice or hearing is necessary to its validity."

The United States Supreme Court in holding valid the assessment sections of the charter of the city of St. Louis said:

"* * * But whether a property-owner is entitled to be heard in advance upon the questions of benefit and apportionment depends upon the authority under which the assessment is made. When the assessment is made in accordance with a fixed rule adopted by a legislative act, a property-owner is not entitled to be heard in advance on the question of the amount and extent of the assessment and the benefits conferred * * *." *Withnell v. Ruecking Construction Co.*, 249 US 63, 68-69, 39 S Ct 200, 63 L ed 479 (1919).

Assuming *arguendo* that the notice of assessment provisions of ORS 223.389 do not apply in a case where the charter provides a fixed formula for determining the amount of assessments, the charter of the city of Salem does not fall within this class. Section 26 of the charter specifies the items of cost that shall be assessed. Section 43 defines the benefited area and provides a formula by which the costs of paving and curbing are to be assessed against the benefited property.①

---

① Section 43 of Salem City charter.

**"Section 43. Proportioning cost of assessments.**

"For street improvement purposes, the term 'block' is hereby defined to be a parcel of land bounded by three or more streets, as laid off in platted additions, or a parcel of unplatted land bounded by four streets of the average size of platted blocks in the City of Salem. 'Acreage' is hereby defined to be all property not laid off into blocks.

"All adjacent and abutting property shall be proportionately

However, section 43 contains the following provision for the assessment of costs of sidewalks:

"* * * [A]nd the cost of sidewalks, when included

liable to assessment for one-half of the full cost of the improvement of the street or streets adjacent thereto or upon which the same abuts and shall be assessed on the following basis:

"In blocks, property shall be assessed back to the alley or, in lieu of any alley, to the center of the block. Acreage shall be assessed half way to the next parallel street but in no case more than two hundred feet distant perpendicular from the street under improvement.

"In case of triangular and small irregular blocks and parcels of land, the assessment for the cost of street improvement shall not exceed the average superficial area rate of assessment upon the regular blocks within such improvement district. The excess shall be assumed by the City of Salem.

"All items of cost affecting the improvement as a whole shall be distributed over the whole area of property liable to assessment in proportion to the area of surface pavement chargeable to any particular piece or parcel of property. The cost of curbs shall be assessed by zones, in all cases, against the abutting and adjacent property on the same side of the street as the curb is installed; and the cost of sidewalks, when included in a street improvement, shall be assessed against the abutting and adjacent property on the same side of the street as the sidewalk or on both sides of the street or against the abutting and adjacent property on both sides of the street where the walk is constructed in such proportion as the council may deem equitable or, if the council deems the walks beneficial to all property liable for the cost of the street improvement, against all such property regardless whether the sidewalks are laid on one or both sides of the street or any combination of these methods.

"Property liable to assessment for street improvements shall be divided into three zones of equal width lying parallel to the improvement. These three zones shall be assessed in proportion to their superficial area together upon the following basis: The zone next to the street under improvement shall be assessed on a basis of fifty per cent of the cost of said improvement. The second zone shall be assessed on a basis of thirty per cent of such cost, and the third zone shall be assessed on a basis of twenty per cent of such cost. The cost of improving alleys shall be assessed in the same manner as the cost of improving streets.

"The cost of improving all streets and alley intersections shall be assumed by the City of Salem. The common council is hereby authorized to bond, under the provisions of the laws of the State of Oregon providing for the payment of the cost of street improvements in installments, all or any portion of the City of Salem's share of the cost of a street improvement."

in a street improvement, shall be assessed against the abutting and adjacent property on the same side of the street as the sidewalk or on both sides of the street or against the abutting and adjacent property on both sides of the street where the walk is constructed in such proportion as the council may deem equitable or, if the council deems the walks beneficial to all property liable for the cost of the street improvement, against all such property regardless whether the sidewalks are laid on one or both sides of the street or any combination of these methods."

■ Since the council is vested with the power to determine the benefits and the apportionment of costs in connection with the construction of sidewalks the notice of assessment provisions of ORS 223.389 must be complied with. The assessments levied by the city against the plaintiff's property are void.② *Bennet v. City of Oceanlake,* supra.

That part of the decree holding that the defendant failed to give the plaintiff proper notice of its intention to make the local improvement is reversed. The part holding the assessments void is affirmed. The part enjoining the city from enforcing the assessment liens is modified to permit the city to exercise whatever reassessment rights it may have under the City of Salem Charter Section 79A and ORS 223.405 et seq.

Costs are awarded to the plaintiff. The case is remanded to the trial court for entry of a decree consistent with this opinion.

---

② The record made in this case does not disclose what part of the assessments was for paving and curbing and what part for the sidewalks; therefore, we will not consider whether some part of the assessments could be found valid.