Argued March 4, affirmed April 10, 1963

# BOYLE ᴇᴛ ᴀʟ v. CITY OF BEND

380 P. 2d 625

*Howard A. Rankin,* Portland, argued the cause for appellant. With him on the briefs were Harry A. English, City Attorney, Bend, and Shuler, Sayre, Winfree & Rankin and Michael J. Walsh, Portland.

*Joseph Larkin,* Redmond, argued the cause for respondents. With him on the brief were Cunning, Brewster, Copenhaver & Larkin, Redmond, and Emerson U. Sims, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

This is a proceeding in which the validity of a special assessment levied against plaintiffs' property by defendant city is at issue. Defendant city appeals from a judgment entered on a verdict in favor of plaintiffs.

In 1957 defendant started plans for the improvement of that part of U. S. Highway 97 which constituted East Third Street in the city of Bend. The city commission, through appropriate resolutions, approved the plans and eventually the state of Oregon joined the project. The city contributed 25% of the cost and the state 75%. On July 11, 1960 notices of the improvement were posted at both ends of the project as required by the city charter. On July 26, 1960 plaintiffs filed petitions of remonstrance with the city. The petitions were accompanied by a letter of

one of the petitioners explaining that the objectors were not opposed to the project but that they objected to the special assessment upon their property with the exception of the assessment for the cost of curbs and parking strips. On July 27, 1960 the city commission met and considered the remonstrances, and on September 8, 1960 a public hearing was held before the State Highway Commission at which the city urged the prompt completion of the project. On November 2, 1960 the city entered into a contract for the widening of the street. After the project was completed in October, 1961, the defendant city published notice of proposed assessment in the Bend Bulletin on December 4, 1961 pursuant to the city charter. At about the same time the defendant sent a notice in the mail to each of the plaintiffs. The notice is set out in the margin.① On December 20, 1961 plaintiffs filed

---

①
"READ THIS NOTICE CAREFULLY—IT IS IMPORTANT
"To the person or persons addressed below:
"Your attention is called to the Notice of Proposed Assessment appearing below, notifying you of a City Commission meeting at which such proposed assessment is to be made, and requesting you to appear before the City Commission if you have any objection to the proposed assessment. If you have no protest you need not appear.
\*   \*   \*   \*   \*
    "NOTICE OF PROPOSED ASSESSMENT
"To

Bend, Oregon

(Name and address)

December 20, 1961

"IN THE MATTER OF THE
    "E. THIRD STREET—Franklin to Revere
IMPROVEMENT DISTRICT NO. 348

"Improvement Resolution No. 690
727
    "You are hereby notified that the City Commission of the City of Bend, Oregon, will meet in the City Commission Room of the City Hall in said City, at the hour of 7:30 o'clock P.M. on

objections to the assessment and on the same day the defendant passed a resolution levying the assessment.

Plaintiffs' objection to the assessment was that their property was not benefited by the widening of East Third Street, but on the contrary was harmed by the project and that the defendant acted in an arbitrary and capricious manner in levying the assessment. Plaintiffs appealed to the circuit court for Deschutes county in accordance with the provisions of ORS 223.397 which provides for a jury trial upon the issues, among others, of whether the property is benefited by the project and whether the assessment is fairly and equitably spread.[2]

---

for the purpose of hearing and considering objections to a proposed resolution levying assessments for the cost of the above described improvement, and for the purpose of passing a resolution levying such assessments therefor as the said City Commission, after due hearing and consideration of objections, shall deem just and legal.

"That in said proposed assessment resolution along with other assessments proposed to be levied, it is proposed to levy an assessment against your property for the sum herein stated, or such other sum as the City Commission shall determine to be just and legal.

"Amount of Assessment ———— (Amount)

"Property affected by this Improvement:
          (Property Description)

"Now, therefore, you are hereby notified and requested to be present at said time and place, for the purpose of making objections, if any you may have, to said proposed assessment. If you have no protest, you need not appear.

                              "JULIA S. JOHNSON
                                Recorder-Treasurer
                                City of Bend, Oregon"

[2] ORS 223.397 reads as follows:

"(1) Owners of any property against which an assessment for local improvements has been imposed have a right of appeal to the circuit court for the county in which the land is located, or to the circuit court of the county in which the city has its legal situs, by serving a notice of appeal upon the city within 20 days after

Defendant demurred to plaintiffs' notice of appeal on the ground that the circuit court had no jurisdiction of the subject of the action. The demurrer was overruled. The case was tried before a jury which returned a verdict for plaintiffs in the following form:

"We, the jury, being duly empaneled and sworn to try the above entitled cause, do find our verdict as follows:

"1. Was the property of appellants benefited by the alleged improvement of East Third Street?

(Answer yes or no     No     )

"DATED This 8 day of June, 1962.

"/s/   James L. Thomas
Foreman"

---

the passage of the ordinance making assessment against the property of such owners, and not otherwise. Two or more persons may join in the appeal, or separate appeals may be taken. In taking the appeal, no pleading or other papers need be filed in circuit court other than the notice of appeal with proof of service thereof, and a certified copy of that part of the ordinance or assessment roll covering the property of the appellants. The notice of appeal shall set forth the grounds of such appeal.

"(2) The appeal shall operate as a stay of proceedings to collect an assessment against the property involved in the particular assessment appealed from, but not against the balance of the property assessed at the same time, until after a determination of the appeal. A right of trial by jury shall exist. The question to be determined by a court or jury upon the appeal shall be the grounds stated in the notice of appeal, to the extent that remonstrance or objection was duly and timely made prior to the assessment, and, if the grounds of appeal so state, whether or not the property is benefited to the extent of the assessment and whether or not the assessment is fairly and equitably spread, according to benefits upon the property within the district assessed. The judgment upon the appeal shall determine the validity of the assessment, if such validity was a ground of appeal, and the amount of the assessment which shall be lawful and proper against the particular property."

Judgment was entered on the verdict and defendant appealed after making a motion for judgment n. o. v. and in the alternative for a new trial. The motion was denied.

■ Defendant contends that the procedure involved in levying assessments for street improvement is a matter of local concern and that defendant's charter provisions relating to the levy of assessments render inoperative ORS 223.397③ under Article XI, § 2, Oregon Constitution④ vesting home rule power in cities. Defendant argued that by the very terms of Oregon Laws 1959, ch 219 (ORS 223.387 to 223.399) ORS 223.397 is inapplicable. Defendant relies upon ORS 223.399, which reads in part:

"* * * The procedural provisions of ORS 223.387 to 223.399 shall apply only where the city charter does not specify otherwise, * * *."

Defendant then points to the procedural provisions in its charter in connection with improvement of streets, including the filing of objections by property owners and the hearing of such objections by the city com-

---

③ For the general proposition that matters of local concern are preempted by the city charter defendant relies principally upon State ex rel Heinig v. Milwaukie, 74 Or Adv Sh 1115, 373 P2d 680 (1962), where it was said that "the legislative assembly does not have the authority to enact a law relating to city government even though it is of general applicability to all cities in the state unless the subject matter of the enactment is of general concern to the state as a whole, that is to say that it is a matter of more than local concern to each of the municipalities purported to be regulated by the enactment."

④ "* * * The Legislative Assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon * * * but such municipality shall within its limits be subject to the provisions of the local option law of the State of Oregon."

mission. However, the charter is silent as to judicial review by appeal to a regularly constituted court. We do not regard the charter provisions for the hearing of objections by the city commission as a negation of the statutory provision for judicial review.

The question remains as to whether the review of objections to the assessment of property is a matter upon which the legislative assembly may legislate. It is generally held that legislative acts relating to matters of local concern are invalid only if they conflict with the municipal charter or ordinance.[5] Under a more extensive view, state legislation on matters of local concern is invalid even if there is no municipal legislation on the subject. It is not necessary for us to decide at this time which of these views will prevail in Oregon[6] because we are of the opinion that ORS 223.397 deals with a matter of general concern to the state as a whole.

It may be conceded that "a tax levy by a municipality, germane to the purposes for which it was incorporated * * * is a matter of local concern."[7] And the procedures by which the city determines whether

---

[5] 1 Antieau, Municipal Corporation Law, p. 133 (1962). See, 2 McQuillin, Municipal Corporations § 4.83 (3d ed 1949); Conflicts Between State Statutes and Municipal Ordinances, 72 Harv L Rev 737, 740 (1959). Under this view ORS 223.397 would be operative since, as we have indicated, defendant's charter does not conflict with the statute.

[6] Although the language in State ex rel Heinig v. City of Milwaukie, supra, states broadly the inhibition on state legislation relating to local matters, the case stands only for the proposition that a statute is inoperative to the extent that it conflicts with an ordinance on a matter of local concern.

[7] City of Portland v. Welch, 154 Or 286, 298, 59 P2d 228, 106 ALR 1188 (1936). See, 2 Antieau, Municipal Corporation Law, p. 290 (1962), citing cases to the effect that the imposition of a special assessment for municipal improvements is a matter of local concern.

an improvement is to be made; whether it is to be a general or special assessment; and how objections to the levy are to be handled, are matters which the city has the controlling power to adopt within constitutional limits. But when one group of property owners in a city is segregated from other inhabitants in the city for separate tax treatment, the procedural safeguards to which that group is entitled in the process of imposing a charge on their land is a matter of general concern. The imposition of a special assessment upon property which is not specially benefited by the improvement unjustly deprives the owner of a property interest. The question of whether his property is benefited is, therefore, vital and the procedure by which that question is determined is equally vital. A matter of such fundamental nature, relating to the procedure by which it is determined whether a person's property is fairly charged with the cost of a city improvement, is not at that point a municipal affair but a matter of general public interest in the state. Therefore, the legislative assembly had the power to guarantee to the property owner the protection afforded by traditional court procedure, including a trial by jury as provided in ORS 223.397.

■ *Brimmer v. Village of Elk Rapids*, 365 Mich 6, 112 NW2d 222, 226 (1961) emphatically supports the same point of view. There the court said:

> "The amount of special assessment tax which a village may levy on private property, its relation to the total value of such property, and the extent and degree that such assessment may approximate confiscation, as charged in this case, involve and affect the constitutional rights of property owners. They are matters of general concern to the people of this State."

A similar principle is announced in other cases.[9] We hold that ORS 223.397 is not in conflict with the charter of the city of Bend and that the provision for appeal to the circuit court is not a matter of purely local concern.

The next assignment of error attacks ORS 223.397 on the ground that it violates Article III, § 1 of the Oregon Constitution (the separation of powers provision) by permitting the judiciary to perform a legislative function. The argument proceeds upon the premise that the power to determine whether property is benefited or the extent to which it is benefited by a municipal project is a legislative power which cannot be exercised by the judicial branch of government. ORS 223.397 certainly purports to invest this power in the courts. Therefore, the question is whether defendant's major premise is sound.

---

[9] Dell v. City of Lincoln, 170 Neb 176, 102 NW2d 62, 73 (1960) states:

"'The preservation of order, the enforcement of law, the protection of life and property, and the suppression of crime are attributes of state sovereignty and matters of state-wide concern, * * *.'

\* \* \* \* \*

"As we view it, statutes which are enacted for the transfer or protection of the property rights of every owner of real property in the state, or those in a proper municipal classification in this state, and the compensation which such owners are entitled to receive for the public use or disposal thereof as well, is of state-wide concern."

And in In re Fortune, 138 Ohio St 385, 35 NE2d 442 (1941), a statute permitting an appeal to the courts from the decision of a municipal civil service commission was held to embrace a matter of general concern although in Ohio municipal civil service generally is held to be a matter of local concern.

See also, Ex Parte Shaw, 32 Cal App2d 84, 89 P2d 161, 162 (1939); Schieffelin v. Leary, 219 App Div 660, 220 NYS 587, 594 (1927); Berry v. City of Fort Worth, 124 SW2d 842, 846 (Tex 1939), indicating that the judicial system is a matter of state concern.

██ There is no doubt that the power to determine whether an improvement is to be made and that a tax will be imposed to meet the cost of the improvement is a purely legislative matter.⊚ The question of whether property is benefited by an improvement is quite another matter. It is universally conceded that the courts have power to set aside a special assessment which is arbitrarily imposed upon property not benefited by the improvement.⊛

█ If the determination of whether there is no benefit is a judicial function, the determination of whether the property is benefited to the extent of the assessment would also seem to be a judicial function. It must be admitted that the cases and texts seldom make this clear. Frequently it is said that the question of benefit is not a judicial question unless the action is arbitrary. Thus in *Wagoner v. City of La Grande,* 89 Or 192, 202, 173 P 305 (1918), quoting from Page and Jones, Taxation by Assessment (1909), it is said:

> " 'The question of benefit to the property owner is not a judicial question unless the court can plainly see that no benefit can exist and this absence of benefit is so clear as to admit of no dispute or controversy by evidence.' "

It would be less confusing to say that the question of benefit is always a judicial question but that the scope

---

⊚ As was said in City of Enterprise v. State, 156 Or 623, 632, 69 P2d 953 (1937): "It has been held too many times to require the citation of authority that the power of taxation is a legislative power—not a function of the judiciary."

⊛ 2 Antieau, Municipal Corporation Law § 14.13 at p. 328 (1962) (collecting cases in text and fn. 57). See, Oregon cases cited in note 11 infra.

⊕ The limited scope of review has been recognized in several of our cases. For example, Austin v. Tillamook City, 121 Or 385,

of review is limited.[⊛] The confusion arises out of failing to distinguish the reviewability of the question of benefit and the *scope of review* of that question.

■ Whether a function imposed upon a court is "nonjudicial" and, therefore, in violation of the separation of powers principle, cannot be determined by applying abstract definitions of legislative and judicial functions. The validity of the imposition must rest upon practical considerations relevant to the efficient operation of government with due regard, of course, to the limitations upon the respective functions of the two branches fixed by tradition. If the duty imposed calls for the performance of functions to which the judicial machinery is adaptable, there can be no constitutional objection to the delegation. This is the import of *Stehle v. Department of Motor Vehicles,* 229 Or 543, 368 P2d 386 (1962). The question of whether property is benefited by an improvement is the type of question courts and juries are passing upon every day. Therefore, the duty imposed upon the court by ORS 223.397 to decide that question is not alien to its proper function.

■ Defendant next contends that plaintiffs failed to file timely objections to the assessment proceedings in conformance with the defendant's charter. The notice provision in the charter is as follows:

"* * * [T]he City Recorder shall cause to be published in a newspaper of general circulation within the City of Bend, a notice stating that the proposed assessment has been apportioned and is

---

254 P 819 (1927) states that in the absence of fraud or mistake, the determination of the common council as to the amount of the benefit derived from such an improvement is conclusive (collecting cases). And see the quotations from Oregon cases in Killingsworth v. Portland, 93 Or 525, 529, 184 P 248 (1918).

> on file in the office of the City Recorder and subject to examination, and further that any objection to such an apportionment that may be made must be made within fifteen (15) days from publication of such notice, and if not so made, the City Commission shall consider the proposed assessment as being one without objection."

The city recorder caused a notice of the proposed assessment to be published in the Bend Bulletin on December 4, 1961 in conformance with this provision. Plaintiffs did not file objections until 16 days had elapsed. But, as we have previously noted, at about the same time the notice was published in the newspaper, defendant mailed a notice informing plaintiffs that objections would be heard on December 20, 1961. The notice is set out above in the margin. Plaintiffs filed objections on this latter date.

Defendant argues that the letter notice was a mere gratuitous act on the part of the city not required by the charter. Moreover, defendant contends that the two notices were consistent in that the newspaper notice informed plaintiffs as to the time within which objections were to be filed, whereas the letter notice informed plaintiffs when the meeting to hear objections would be held to hear timely filed objections. However, the letter notified plaintiffs to be present at the time and place designated *"for the purpose of making objections."* We believe that persons receiving such a notice would be justified in assuming that they could *make* their objections at that time and that it would not be necessary to file the objections prior to the meeting. Therefore, defendant is estopped to assert the previous notice as a bar to plaintiff's objections.

There was evidence from which the jury could reasonably find that plaintiffs' property was not benefited by the improvement. The jury was correctly instructed.

The judgment is affirmed.