Argued February 28, affirmed April 13, petition for rehearing
denied June 14, 1966

# CITY OF WOODBURN *v.* STATE TAX COMMISSION

# CITY OF WOODBURN *v.* DOMOGALLA ET AL

### 413 P. 2d 606

*Wallace J. Gutzler*, Woodburn, argued the cause for appellant. On the brief were Eichsteadt, Gutzler & Bolland and Dennis M. Chorba, Woodburn.

*Theodore W. de Looze*, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Robert Y. Thornton, Attorney General for Oregon, and Gary D. Gortmaker, Marion County District Attorney, and Douglas Port, Deputy District Attorney, Salem.

E. Roy Bashaw, City Attorney, Medford, Gene B. Conklin, City Attorney, Pendleton, Alexander G. Brown, City Attorney, and Marian C. Rushing, Chief Deputy City Attorney, Portland, William J. Juza, City Attorney, Salem, Charles A. Phipps, City Attorney, The Dalles, and Orval Etter, Research Attorney, League of Oregon Cities, Eugene, filed a brief amici curiae.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

HOLMAN, J.

Plaintiff City of Woodburn held a special municipal election at which the voters of the city passed an amendment to the city charter authorizing a street lighting tax levy. The ballot measure was stated as follows: "To authorize annual street light tax levy, beginning with the fiscal year 1962-63, and not exceeding 4 mills per dollar of taxable property in the city of Woodburn." The State Tax Commission issued an

opinion and order directing the Marion County Assessor not to place the levy on the tax rolls. The opinion and order were based upon the proposition that the levy was invalid because the ballot measure authorizing the levy was stated in mills rather than dollars and cents as provided by ORS 310.400.

The city commenced an action in the Oregon Tax Court appealing the order of the Tax Commission. The city also commenced another action in the same court against the Commission and the Marion County Assessor for a declaratory judgment that the statute was not applicable to the special election at which the levy was authorized, that the election was valid, and that the levy should be extended on the tax rolls. The two actions were consolidated for trial in the Tax Court. The city has appealed from a decision sustaining the position of the Tax Commission. 2 Or Tax Adv Sh 145 (1965).

The parties have stipulated that the only question presented in the two cases was whether the levy should have been stated in dollars and cents as provided in ORS 310.400.

The statute provides as follows:

"Any proposed tax levy, whether a continuing fixed levy, continuing levy, or levy for a single year, submitted to a vote of the people by the state, any county, municipality, district or body to which the power to levy a tax has been delegated shall be stated in dollars and cents in the measure to be voted upon, and not otherwise, notwithstanding any provision of any other statute of this state to the contrary, and where not inconsistent with or otherwise provided for in the Constitution of this state."

It is the city's position that the statute has no application to the election because of the constitutional

amendment now known as Article XI, Section 2, of the Oregon Constitution vesting home-rule powers in cities. The constitutional provision is as follows:

"* * * The Legislative Assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon. * * *"

The city contends that an amendment to its charter involving city taxes is of local and not general concern because it relates to the city's internal affairs and thus comes within the constitutional prohibition. The law relative to the matter was stated in *State ex rel. Heinig v. City of Milwaukie*, 231 Or 473, 479, 373 P2d 680 (1962):

"* * * the legislative assembly does not have the authority to enact a law relating to city government even though it is of general applicability to all cities in the state unless the subject matter of the enactment is of general concern to the state as a whole, that is to say that it is a matter of more than local concern to each of the municipalities purported to be regulated by the enactment. * * *"

The court said, at pages 481-482:

"* * * 'The real test is not whether the state or the city has an interest in the matter, for usually they both have, but whether the state's interest or that of the city is paramount.'

"The solution cannot be arrived at by a recitation of the definitions of 'local' or 'municipal' affairs. The question is, of course, one of degree, and the allocation of power between legislature and municipality must be made by us in accordance with the purpose, as we understand it, of the con-

stitutional amendments which vested in the cities a part and an exclusive part of the power to legislate free from control of the state legislative assembly.

"That purpose, stated broadly, was to make operative the concept that the closer those who make and execute the laws are to the citizens they represent the better are those citizens represented and governed in accordance with democratic ideals. * * *"

It was also stated thus in *City of Portland v. Welch,* 154 Or 286, 297-298, 59 P2d 228 (1936):

"Public matters concerning the people of the state at large in common with the inhabitants of a given community are clearly within the sovereign jurisdiction of the state to administer, regulate, or control. On the other hand there are municipal affairs which concern alone the inhabitants of a particular locality and pertain purely to its needs and interests as distinguished from those of the state at large: McQuillan Municipal Corporation (2d Ed.) §§ 195, 196. * * *"

The purpose of the enactment of a statute similar to ORS 310.400 was stated in *Clark & Wilson Lumber Co. v. Weed,* 137 Or 186, 189-190, 2 P2d 12 (1931):

"In reference to the statutory requirement that the tax levy must be made in dollars and cents, the legislature might well have had in mind that a taxpayer, in voting upon a proposed levy, would better comprehend the consequences of his act if the amount to be expended for road purposes were thus expressed. If Mr. Citizen is called upon to vote upon a levy of $10,000 for road purposes, there can be no doubt about the matter, but, if a vote is cast for a certain millage, the amount of money to be raised is uncertain in the mind of the voter unless he has definite knowledge of the valuation of the property upon which the levy is made."

■  There is no doubt as to the purpose of the enactment by the people of the constitutional amendment nor of the statute by the legislature. Neither is there doubt as to the rule of law that is applicable. The only doubtful or difficult thing is the application of the law to the admitted facts. It is our opinion that the manner in which the taxpayer is informed of the consequences of his vote on a tax measure is a matter of predominantly general rather than local concern, regardless of whether it is a general or local taxing measure. Laws enacted for the general benefit and protection of voters enabling them to make a more intelligent use of their franchise in levying taxes relate to a matter of general concern to the people of the state. The benefits to be derived from having voters who are well-informed citizens are not peculiar to local levies.

■■  The purpose for which a city levy is to be spent or its amount, is, of course, a matter of predominantly local concern. *City of Portland v. Welch,* supra, is an illustration of a matter of local concern. There the legislature, through the Tax Conservation Commission, was attempting to dictate to the city the amounts levied and the purposes to which they were to be devoted. *Boyle v. City of Bend,* 234 Or 91, 380 P2d 625 (1963), is an illustration of a matter of general concern. There it was held that a statutory provision for appeal to the circuit court to determine whether a person's property was fairly charged with a special assessment by a city pertained to a matter of general concern. The court said, at page 99:

"* * * A matter of such fundamental nature, relating to the procedure by which it is determined whether a person's property is fairly charged with the cost of a city improvement, is not at that point

a municipal affair but a matter of general public interest in the state. Therefore, the legislative assembly had the power to guarantee to the property owner the protection afforded by traditional court procedure, including a trial by jury as provided in ORS 223.397."

We believe the present question more closely approximates that in *Boyle* than in *Welch*.

We realize there have been general pronouncements by this court that city taxation is entirely a local matter with which the people of the state at large have no concern, *Pearce v. Roseburg,* 77 Or 195, 208, 150 P 855 (1915); *Boyle v. City of Bend,* supra at 98; *City of Portland v. Welch,* supra at 298. An examination of these cases indicates that the statements are made with reference to some sort of direct interference regarding the amount of taxes levied or the purpose to which they are to be devoted.

The decision of the tax court is affirmed.