NEW JERSEY STATE POLICE BENEVOLENT ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, IRVINGTON POLICE BENEVOLENT ASSOCIATION, LOCAL 29, A CORPORATION OF THE STATE OF NEW JERSEY, BARRY BARKIN, HOWARD ENGLAND AND DANIEL DeLUCIA, PLAINTIFFS-APPELLANTS, v. MAYOR AND COUNCIL OF IRVINGTON, NEW JERSEY, GEORGE F. KUGLER, JR., ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, A. R. MANGIONE, JR., DIRECTOR OF CLASSIFICATION OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 8, 1972—Decided November 20, 1972.

322

Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.

*Mr. Peter A. Forgosh* argued the cause for appellants (*Messrs. Eichler and Forgosh,* attorneys).

*Mr. Samuel J. Zucker* argued the cause for respondent Town of Irvington.

*Mr. Morton I. Greenberg* argued the cause for the other respondents (*Mr. George F. Kugler, Jr.,* Attorney General, attorney).

The opinion of the court was delivered by

KOLOVSKY, J. A. D. The Irvington Police Benevolent Association, Local 29 (Irvington P. B. A.) sought to induce the town's governing body to pay its policemen for overtime work at a rate 1½ times their regular wages. In 1970 the town attorney ruled that such payments would be illegal and that the then controlling statute, *N. J. S. A.* 40:47–12.13, authorized payment for overtime only at the regular wage rate. A similar ruling was thereafter made by the Attorney General early in 1971.

This declaratory judgment action was instituted on January 31, 1972 seeking an adjudication that municipalities may pay "overtime to police officers at the rate in excess of straight time when such payments are agreeable to the municipality." The trial court ruled to the contrary, concluding, as set forth in its final judgment, that *"N. J. S. A.* 40:47–12.13 precludes the payment of time and one-half for overtime for policemen." Plaintiffs appeal.

We note at the outset that at the trial level the parties and the court overlooked that *N. J. S. A.* 40:47–12.13 had been repealed, effective July 1, 1971, by the enactment of *L.* 1971, *c.* 197, a revision of the laws relating to fire and police departments, which now appears at *N. J. S. A.* 40A:14–1 *et seq.* However, in the aspects with which we are concerned, no substantive change was made by the revision. Provisions identical with that contained in *N. J. S. A.* 40:47–12.13, which dealt with both policemen and firemen, are embodied in *Title* 40A — those relating to policemen in *N. J. S. A.* 40A:14–134 and those relating to firemen in *N. J. S. A.* 40A:14–50.

The pertinent portion of *N. J. S. A.* 40A:14–134 (prior to its amendment as of August 9, 1972 by *L.* 1972, *c.* 121, which we shall discuss later), read as follows:

In any municipality in which the officer, board or official having charge or control of the police department or force has authority, in times of any such emergency to summon and keep on duty any paid members of the police department or force for a period of time or times in excess of the hours of ordinary duty, the governing body may provide compensation for some or all of such emergency duty by any such policeman at his prevailing wage, which compensation shall be in lieu of any compensatory time off otherwise due for the emergency duty so compensated.

■ We agree with the trial judge that the statutory language limited the authority of municipalities to pay a police officer for overtime to payment at the officer's regular straight time wage rate. Plaintiffs' argument to the contrary not only ignores the clear language of the statute but also the basic law applicable to compensation of public officers. See *Hoboken Local No. 2, etc. v. Hoboken*, 23 *N. J. Misc.* 334, 44 *A.* 2d 329 (Sup. Ct. 1945), aff'd o.b. 134 *N. J. L.* 616 (E. & A. 1946)

Prior to the adoption in 1966 of what became *N. J. S. A.* 40:47–12.13, the only right granted to a policeman called upon to perform overtime services was that granted by *N. J. S. A.* 40:47–17, now *N. J. S. A.* 40A:14–133, the right to "a day off for each extra day so served by him." A police officer could not recover compensation in lieu of compensatory time off, *Hoboken Local No. 2, etc. v. Hoboken, supra*, until the Legislature, by the enactment of *N. J. S. A.* 40:47–12.13, authorized payment of compensation "in lieu of any compensatory time off otherwise due for the emergency duty" at the policeman's "prevailing wage."

Here the trial court had noted that

* * * the remedy of the plaintiffs here is to appeal to the Legislature to change the mandate which they have written into the statutes and which now limits the municipalities from paying anything more than straight time rates * * *.

That "appeal" was apparently made by someone, for by *L.* 1972, *c.* 121, *N. J. S. A.* 40A:14–134 was amended, effective August 9, 1972, so that it now authorizes municipalities to pay compensation to a policeman for overtime work, either "at his prevailing wage or at a rate not in excess of 1½ times his prevailing hourly wage rate." The amendment accomplishes the very result which plaintiff Irvington P. B. A. sought in its negotiations with the Town of Irvington, but plaintiffs, at oral argument, nevertheless contended that it does not render the instant litigation moot.

In their brief plaintiffs argued that *N. J. S. A.* 40:47–12.13 and *N. J. S. A.* 40A:14–134 (as originally enacted) were unconstitutional. (At oral argument they urged that *N. J. S. A.* 40:14A–134, as just amended, is also unconstitutional.) They contend that legislation which limits the amount which a municipality may agree to pay its police officers for overtime work denies police officers due process and the equal protection of the laws. Plaintiffs' contentions lack any substance. *Cf. Passaic v. Consolidated Police, etc., Pension Comm'n,* 18 *N. J.* 137, 146–147 (1955); *Robson v. Rodriquez,* 26 *N. J.* 517, 522–526 (1958); *Mason v. Civil Service Commission,* 51 *N. J.* 115, 127–128 (1968). It was and is the Legislature's prerogative to decide what amount municipalities may agree to pay to policemen for overtime work.

The judgment is affirmed.