Argued October 28, 1976, affirmed January 10, reconsideration denied
January 19, second denial February 9, petition for review
allowed May 24, 1977

CITY OF LaGRANDE, *Respondent,*

*v.*

PUBLIC EMPLOYES RETIREMENT BOARD et al,
*Appellants,*

and

LaGRANDE POLICE ASSOCIATION et al,
*Respondents.*

(No. 22993, CA 5943)

CITY OF ASTORIA, *Respondent,*

*v.*

PUBLIC EMPLOYES RETIREMENT BOARD et al,
*Respondents,*

and

POLICE AND FIREFIGHTERS OF THE CITY OF
ASTORIA AS A CLASS, *Appellants.*

(No. 29437, CA 6129)

(Cases consolidated)

558 P2d 1236

Al J. Laue, Assistant Attorney General, Salem, argued the cause for appellant (No. 22993) and for respondent (No. 29437) Public Employes Retirement Board of the State of Oregon. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Gary K. Jensen, Eugene, argued the cause and filed the brief for appellants Police and Firefighters of the City of Astoria as a Class (No. 29437) and for respondents LaGrande Police Association, LaGrande Firefighters Union Local No. 924, and International Association of Firefighters (No. 22993).

Ross E. Hearing, LaGrande, filed the brief for respondent City of LaGrande, a Municipal Corporation.

D. Richard Fischer, Astoria, argued the cause for respondent City of Astoria, a Municipal Corporation. With him on the brief were Anderson, Fulton, Lavis & Van Thiel and Robert C. Anderson, Astoria.

James M. Mattis, Staff Attorney, League of Oregon Cities, Eugene, filed a brief amicus curiae for city attorneys of constitutional home rule cities of Coos Bay, Gladstone, Rainier, Springfield, Sweet Home, The Dalles and Tigard.

No appearance for appellant Clay Myers, Secretary of State of the State of Oregon (No. 22993), and for respondents Clay Myers, Secretary of State of the State of Oregon, Lester Rawls, as Insurance Commissioner of the State of Oregon, and Larry Sprecher, Successor to Leander Quiring, Director of the Department of General Services of the State of Oregon (No. 29437).

No appearance for respondents American Federation of Labor, Congress of Industrial Organization and Canadian Labour Congress (No. 22993).

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

The City of LaGrande brought a declaratory judgment proceeding in the circuit court for Union County to secure a declaration of its rights and duties and for injunctive relief with reference to the provisions of a 1971 state law requiring that city police officers and firemen be brought under the state Public Employes' Retirement System law as of July 1, 1973, or be provided by the municipality with an equal or better system. ORS 237.610 through 237.640.

Sometime thereafter the City of Astoria brought a similar proceeding in the circuit court for Clatsop County to obtain a declaration as to the same provisions of the state retirement law. In addition, however, Astoria also sought a declaration as to another provision of state law, namely, the statute directing the state to provide as a minimum $10,000 of life insurance for all city police and firemen, and requiring the cost thereof to be borne by the city. ORS 243.005 through 243.055.

In both LaGrande and Astoria the municipal retirement programs were for all employes, including police and firemen, and were adopted prior to July 1, 1973, as a result of collective bargaining between the respective cities and their employes.

Astoria's life insurance program likewise was for all employes and was adopted through collective bargaining. We can find nothing in the record indicating how long the program had been in existence prior to 1973. The record does show, however, that the program was in existence in 1969, and that in early 1973 the face amount of the coverage for each employe was increased from $5,000 to $10,000, effective July 1, 1973.

The challenged state statutes purporting to require life insurance coverage for all city police and firemen became effective July 1, 1971.

Defendants demurred in both cases on the usual

[ 13 ]

ground and on the further ground of failure to present a justiciable controversy. In both the trial courts subsequently ruled in effect that the retirement benefits for city police and firemen were not matters of state concern, but on the contrary were matters of local concern only, and that the 1973 amendments to the retirement law purportedly requiring that city police and firemen be brought under the state retirement system, were an unconstitutional infringement upon the home rule powers of plaintiff cities. Further, in the Astoria case the court also ruled that the compulsory life insurance policy provisions were likewise unconstitutional.

In these consolidated appeals by defendants the following points are relied upon for reversal: That the trial courts erred (1) in overruling defendants' demurrers and in ruling in favor of plaintiff cities; (2) in holding ORS 237.610 through 237.640 (requiring state retirement system membership for city police and firemen) and ORS 243.005 through 243.055 (providing a state-mandated life insurance policy for police and firemen) were unconstitutional; (3) in failing to recognize that as of July 1, 1973, the rights of employe police and firemen had vested regarding retirement and disability benefits provided under the above sections of the Oregon Revised Statutes.

We take up defendants' assignments seriatim.

(1) and (2) For reasons which follow we conclude that the trial courts did not err in overruling defendants' demurrers and in ruling that the retirement statutes were an unconstitutional infringement upon the home rule powers of the respective cities. Or Const, Art IV, § 1(5), and Art XI, § 2.

The earliest Oregon case dealing with the problem before us is *Branch v. Albee,* 71 Or 188, 142 P 598 (1914). In *Branch* our Supreme Court held that pensions for Portland police officers were a matter of purely local concern, and ruled unconstitutional a state statute purporting to regulate such pensions as a

[ 14 ]

violation of the above cited home rule provisions of the Oregon Constitution.

More recently, in *State ex rel Heinig v. Milwaukie et al,* 231 Or 473, 373 P2d 680 (1962), the same court, relying on *Branch,* held that the employment and discharge of personnel in a city fire department were matters of local, rather than state, concern and therefore the firemen's civil service law (ORS 242.702 to 242.990) was ineffective to require a home rule city to establish a state-mandated civil service system for city firemen.

Following *Heinig,* in *Beaverton v. I. A. Fire Fighters,* 20 Or App 293, 531 P2d 730, Sup Ct *review denied* (1975), this court considered the constitutionality of a state law regulating labor relations between public employers, including cities, and their employes. After an extensive examination of the authorities, and following the precedents of *Branch* and *Heinig,* we concluded that under the home rule provisions of the Oregon Constitution (Art IV, § 1(5) and Art XI, § 2), labor relations between the city and its employes were predominantly a matter of local concern and that the legislature was therefore prohibited from attempting to legislate on those matters where the city's interest is paramount.[1] *Accord: City of Hermiston v. ERB,* 27 Or App 755, 557 P2d 681 (1976).

Applying the principles laid down in the above authorities, including the *Heinig* balancing test, to the

---

[1] We should point out here that in *Beaverton v. I. A. Fire Fighters,* 20 Or App 293, 531 P2d 730, Sup Ct *review denied* (1975), we remanded the case to the Public Employe Relations Board (now Employment Relations Board) to examine the city's labor relations ordinance section-by-section to determine those provisions which were matters of predominantly statewide concern and therefore in conflict with state law. However, in *City of Hermiston v. ERB,* 27 Or App 755, 557 P2d 681 (1976), which involved the same issues as *Beaverton,* we reconsidered the remand portion of our opinion in *Beaverton* and concluded that under a proper construction of the home rule provisions of the Oregon Constitution the city's interest in the subject matter was paramount, and that the ordinance must be held to prevail in its entirety over the state law. Accordingly, we overruled that portion of the opinion directing that the case be remanded to the board for a section-by-section reexamination.

case at bar, we must reach the conclusion that a retirement system for city police and firemen is likewise a matter of predominantly local concern, and that the respective trial courts did not err in ruling that the challenged statutory provisions were an unconstitutional infringement on the home rule powers of plaintiff cities.

■ We agree with plaintiffs that it is not necessary for a city charter or ordinance to set forth expressly a retirement plan or system for its employes in order for a home rule city to provide such a plan or system through the exercise of other powers granted by its charter, here the power to bargain collectively with those employes as to employe benefits, including retirement and pension rights. *Beaverton v. I. A. Fire Fighters, supra.* Once the power to establish a retirement system is lawfully exercised, the city's prerogatives cannot be infringed upon by the legislature or the state. *Branch v. Albee, State ex rel Heinig v. Milwaukie et al,* and *Beaverton v. I. A. Fire Fighters,* all *supra. Cf., Boyle v. City of Bend,* 234 Or 91, 380 P2d 625 (1963).

■ Similarly for the reasons already set forth the provisions of ORS 243.005 through 243.055, providing a state-mandated life insurance policy for police and firemen, must also fall, even though prior to the commencement of its suit, plaintiff Astoria, with full knowledge of ORS 243.005 through 243.055, voluntarily purchased $10,000 life insurance policies for all of its employes, including police and firemen, which met the minimum of ORS 243.005 through 243.055.

■ The life insurance involved here may be termed a 'fringe benefit' for the subject employes. *See, J. H. Welsh & Son Contr. Co. v. Arizona State Tax Com'n,* 4 Ariz App 398, 420 P2d 970 (1966). It is but another form of remuneration for services to be rendered. *See, State ex rel Nilsen v. Ore. Motor Ass'n,* 248 Or 133, 432 P2d 512 (1967); *Journal Pub. Co. v. State U. C. Com.,* 175 Or 627, 155 P2d 570 (1945). We conclude that this

[ 16 ]

subject matter must be considered as falling in the same category as civil service *(Heinig)*, labor relations *(Beaverton)*, pensions or retirement (the instant cases), where a state versus local conflict arises.

As we have already pointed out above, once the city has lawfully exercised its power to provide life insurance for its employes, neither the state nor the legislature may infringe on the city's prerogatives.

In *Boyle v. City of Bend, supra* at 98, the court stated:

> "* * * It is generally held that legislative acts relating to matters of local concern are invalid only if they conflict with the municipal charter or ordinance. Under a more extensive view, state legislation on matters of local concern is invalid even if there is no municipal legislation on the subject. It is not necessary for us to decide at this time which of these views will prevail in Oregon because we are of the opinion that ORS 223.397 deals with a matter of general concern to the state as a whole."

We are not required to and do not resolve this issue in the case at bar either, because here the municipalities have acted on the subject matter.

■ (3) With regard to defendants' contention that the rights of employe police and firemen had vested as of July 1, 1973, as to retirement and disability benefits provided under the challenged state statutes, the short answer here is that we have determined these statutes to be unconstitutional as applied to plaintiff cities. Consequently they could confer no rights on the employes nor could they impose any duties on plaintiff cities. The employes therefore could never have acquired any vested rights under those statutes. *Taylor v. Mult. Dep. Sher. Ret. Bd.,* 265 Or 445, 510 P2d 339 (1973), relied upon by defendants on this point is inapposite since it did not involve the attempted application of an unconstitutional statute.

■ Lastly, the Attorney General argues on behalf of the state defendants that the challenged state retire-

ment statutes merely provide for minimum pension requirements for city police and firemen, and therefore do not infringe upon the home rule prerogatives of plaintiff cities. We cannot agree for the reasons set forth above. To allow the state to fix base standards for pension payments would in effect be permitting the state to do indirectly that which it cannot do directly. *Schmidt et al v. City of Cornelius,* 211 Or 505, 316 P2d 511 (1957); *City of Portland v. Welch,* 154 Or 286, 59 P2d 228, 106 ALR 1188 (1936).

Affirmed.